**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 35549**

| | |
|---|---|
| **STATE OF IDAHO,** ) | **2009 Opinion No. 63** |
| ) | |
| **Plaintiff-Respondent,** ) | **Filed: September 4, 2009** |
| ) | |
| **v.** ) | **Stephen W. Kenyon, Clerk** |
| ) | |
| **CHRISTOPHER P. MARTIN,** ) | |
| ) | |
| **Defendant-Appellant.** ) | |
| ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Valley County. Hon. Thomas F. Neville, District Judge. Hon. Henry R. Boomer, III, Magistrate.

Memorandum decision and order of the district court on intermediate appeal from the magistrate division affirming denial of motion to suppress evidence, <u>affirmed</u>.

Hallin Law, PLLC; Jonathon D. Hallin, McCall, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Christopher P. Martin appeals from the district court's memorandum decision and order on intermediate appeal affirming the magistrate's denial of his motion to suppress. We affirm.

**I.**

**FACTS AND PROCEDURE**

A vehicle being driven by Martin was stopped by Trooper Mike Sherbondy after the officer noticed the front license plate was hanging at a thirty-degree angle with one bolt missing. The officer subsequently discovered that Martin was driving without privileges and arrested him. Martin was charged with driving without privileges, his third such offense within five years, in contravention of Idaho Code § 18-8001(5).

Martin thereafter filed a motion to suppress, claiming that Trooper Sherbondy lacked reasonable and articulable suspicion to conclude that he was operating the vehicle contrary to

1

Idaho traffic laws and also that I.C. § 49-428, governing the display of license plates, was unconstitutionally vague as it applied to him. After a hearing where Martin stipulated to the fact that the license plate was secured by one bolt and was hanging at a thirty-degree angle, the magistrate denied Martin's motion. Martin then entered a conditional guilty plea reserving the right to appeal the denial of his suppression motion. Acting in its appellate capacity, the district court affirmed the magistrate's order denying Martin's suppression motion. Martin appeals the decision of the district court.

## II.

## ANALYSIS

Martin advances two contentions in arguing that the district court erred in affirming the magistrate's denial of his motion to suppress: that the officer did not have the requisite suspicion to stop him and that I.C. § 49-428 is unconstitutionally vague as it applies to him.

On review of a decision of the district court, rendered in its appellate capacity, we review the decision of the district court directly. *State v. DeWitt*, 145 Idaho 709, 711, 184 P.3d 215, 217 (Ct. App. 2008). We examine the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Id.* If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id.*

### A.    Vagueness

Martin contends that I.C. § 49-428 is unconstitutionally vague as applied to him because, he asserts, the statute failed to provide him adequate notice that the manner in which his license plate was affixed was prohibited and therefore, allowed Trooper Sherbondy to "arbitrarily and discriminatorily" enforce the requirement of the statute against him. Where the constitutionality of a statute is challenged, we review the lower court's determination *de novo*. *State v. Korsen*, 138 Idaho 706, 711, 69 P.3d 126, 131 (2003); *State v. Laramore*, 145 Idaho 428, 430, 179 P.3d 1084, 1086 (Ct. App. 2007). The party attacking a statute on constitutional grounds must overcome a strong presumption of validity. *Id.* Appellate courts are obligated to seek an interpretation of a statute that upholds its constitutionality. *Id.*

The void-for-vagueness doctrine is premised upon the Due Process Clause of the Fourteenth Amendment to the United States Constitution. This doctrine requires that a statute

defining criminal conduct be worded with sufficient clarity and definiteness that ordinary people can understand what conduct is prohibited and that the statute be worded in a manner that does not allow arbitrary and discriminatory enforcement. *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489 (1982); *Korsen,* 138 Idaho at 711-12, 69 P.3d at 131-32. It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. *Grayned v. City of Rockford,* 408 U.S. 104 (1972); *Korsen*, 138 Idaho at 711, 69 P.3d at 131. Furthermore, as a matter of due process, no one may be required at the peril of loss of liberty to speculate as to the meaning of penal statutes. *Korsen*, 138 Idaho at 711-12, 69 P.3d at 131-32. Due process requires that all "be informed as to what the State commands or forbids" and that "men of common intelligence" not be forced to guess at the meaning of the criminal law. *State v. Cobb,* 132 Idaho 195, 197, 969 P.2d 244, 246 (1998) (*citing Smith v. Goguen,* 415 U.S. 566, 574 (1974)). A statute may be void for vagueness if it fails to give adequate notice to people of ordinary intelligence concerning the conduct it proscribes or if it fails to establish minimal guidelines to govern law enforcement or others who must enforce the statute. *Kolender v. Lawson,* 461 U.S. 352, 357-58 (1983); *Korsen*, 138 Idaho at 712, 69 P.3d at 132; *State v. Larsen,* 135 Idaho 754, 756, 24 P.3d 702, 704 (2001).

A statute may be challenged as unconstitutionally vague on its face or as applied to a defendant's conduct. *Korsen*, 138 Idaho at 712, 69 P.3d at 132. To succeed on an "as applied" vagueness challenge, a complainant must show that the statute, as applied to the defendant's conduct, failed to provide fair notice that the defendant's conduct was proscribed or failed to provide sufficient guidelines such that the police had unbridled discretion in determining whether to arrest him. *Id.*

In relevant part, I.C. § 49-428 provides that:

> (2) Every license plate shall at all times be securely fastened to the vehicle to which it is assigned to prevent the plate from swinging, be at a height not less than twelve (12) inches from the ground, measuring from the bottom of the plate, be in a place and position to be clearly visible, and shall be maintained free from foreign materials and in a condition to be clearly legible . . . .

Martin argues that section 49-428 is unconstitutionally vague because the words "securely fastened" permit arbitrary and discriminatory enforcement by not defining how a person of ordinary intelligence is to comply with the strictures of the rule. Specifically, he argues that the statute fails to define how a license plate is to be "securely fastened to the vehicle," because the Idaho Legislature could have intended two interpretations of preventing the

plate from either: (1) swinging parallel to the ground, or (2) swinging perpendicular to the ground. He further argues that "securely fastened" does not require that a license plate be fastened with two bolts and that if the legislature had intended that all license plates be securely fastened with two or more bolts, "it could have easily said as much." And since it did not, he surmises, the statute allows for arbitrary and discriminatory enforcement.

In denying Martin's claim that the statute was void for vagueness, the district court stated:

> This Court does not find the language in section 49-428 to be unconstitutionally vague; rather, this Court finds the language clear and unambiguous. Not only does section 49-428 require a license plate to be "securely fastened to the vehicle to which it is assigned to prevent the plate from swinging," but it also requires the plate to "be in a place and position to be clearly visible," and be "maintained free from foreign materials and in a condition to be clearly legible." Idaho Code Ann § 49-428(2). The language of section 49-428 clearly conveys the legislative purpose that all license plates shall be securely fastened, clearly visible, and clearly legible. Regardless of whether a plate is positioned to allow swinging parallel in a forward and backward motion or perpendicular to the lane of traffic, where only one corner of the plate is fastened, if the license plate is in any position to be swinging, it is clearly not "securely fastened to the vehicle . . . to prevent the plate from swinging."
>
> This does not mean that in order to be in violation of Idaho Code Section 49-428, a license plate must be swinging. Rather, the language clearly contemplates that if a license plate is securely fastened, it would not be able to swing. Appellant also attempts to argue that his license plate was securely fastened by one bolt and had the legislature intended to require license plates be secured with two bolts, it could have designated as such. However, the Idaho Legislature did not have to articulate specifically that license plates which are adequately secured with two bolts would prevent a license plate from swinging because such a fact is quite obvious in nature and design. It is general knowledge that Idaho license plates are equipped with two holes, which may be secured with two bolts. Therefore, the language in section 49-428 which require license plates to be "securely fastened to the vehicle to which it is assigned to prevent the plate from swinging," is clear and unambiguous. Thus, this Court cannot find that Idaho Code Section 49-428 is unconstitutionally vague.

When called upon to interpret a statute, we begin with an examination of its literal words. *State, Dep't of Health & Welfare ex rel. Lisby v. Lisby,* 126 Idaho 776, 779, 890 P.2d 727, 730 (1995); *State v. McKeeth,* 136 Idaho 619, 628, 38 P.3d 1275, 1284 (Ct. App. 2001); *State v. Beard,* 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). The statutory language is to be given its plain, obvious, and rational meaning. *Lisby,* 126 Idaho at 779, 890 P.2d at 730. A statute is to be construed as a whole without separating one provision from another. *State v.*

*Olson*, 138 Idaho 438, 440, 64 P.3d 697, 699 (Ct. App. 2003). In attempting to discern and implement the intent of the legislature, a court may seek edification from the statute's legislative history and contemporaneous context at enactment. *Id*. However, if the statutory language is clear and unambiguous, a court need merely apply the statute without engaging in any statutory construction. *Id*.

In this case, we agree with the district court that the language of the statute defines criminal conduct with sufficient clarity and definiteness that ordinary people can understand what conduct is prohibited and that it is worded in a manner that does not allow arbitrary and discriminatory enforcement. The plain and obvious meaning of the statute's requirement that a plate be "securely fastened to the vehicle . . . to prevent the plate from swinging," clearly provides notice to a driver that fastening a license plate on a vehicle in a fashion that will not prevent it from swinging is a violation of I.C. § 49-428. That the statute does not distinguish between swinging of license plates parallel or perpendicular to the ground does not render the statute unconstitutionally vague--the clear language of the rule requires that the plate be securely fastened to prevent swinging of *any manner*. As the district court pointed out, "regardless of whether a plate is positioned to allow swinging parallel in a forward and backward motion or perpendicular to the road, where only one corner of the plate is fastened, if the license plate is in any position to be swinging, it is clearly not 'securely fastened to the vehicle . . . to prevent the plate from swinging.'" The statute clearly sets forth the conduct prohibited and therefore is not unconstitutionally vague as applied to Martin.

## B. Stop

Martin also argues that the officer did not have reasonable articulable suspicion to conclude that his license plate was displayed in contravention of I.C. § 49-428, and therefore the officer's stop of his vehicle was not justified and his motion to suppress should have been granted. The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact which are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*,

127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

The Fourth Amendment to the United States Constitution prohibits government agents from conducting unreasonable searches and seizures. When a private vehicle is stopped by the police, all of its occupants are "seized" and may seek suppression of evidence if the seizure did not comply with Fourth Amendment standards. *Brendlin v. California*, 551 U.S. 249 (2007); *State v. Nevarez et. al.*, ___ Idaho ___, ___ P.3d ___ (Ct. App. 2009); *State v. Luna*, 126 Idaho 235, 880 P.2d 265 (Ct. App. 1994). Normally, to pass constitutional muster, a detention to investigate possible criminal activity must be based upon reasonable suspicion, derived from specific articulable facts, and the rational inferences that can be drawn from those facts, that the person stopped has committed or is about to commit a crime. *Terry v. Ohio*, 392 U.S. 1, 26 (1968); *State v. Bishop*, 146 Idaho 804, 203 P.3d 1203 (2009); *State v. Sheldon*, 139 Idaho 980, 983, 88 P.3d 1220, 1223 (Ct. App. 2003); *State v. Salato*, 137 Idaho 260, 264, 47 P.3d 763, 767 (Ct. App. 2001). The quantity and quality of information necessary to create reasonable suspicion for such a "*Terry* stop" is less than that necessary to establish probable cause, *Alabama v. White*, 496 U.S. 325, 330 (1990); *Bishop*, 146 Idaho at 811, 203 P.3d at 1210, but must be more than a mere hunch or unparticularized suspicion. *Terry*, 392 U.S. at 27.

When a defendant challenges the validity of a vehicle stop, the burden is on the state to prove that the stop was justified. *Florida v. Royer*, 460 U.S. 491, 500 (1983); *State v. Sevy*, 129 Idaho 613, 614-15, 930 P.2d 1358, 1359-60 (Ct. App. 1997). The reasonableness of a stop is determined by looking at the totality of the circumstances confronting the officer at the time of the stop. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Osborne*, 121 Idaho 520, 526, 826 P.2d 481, 487 (Ct. App. 1991).

Here, the magistrate concluded that the officer's testimony that he observed the license plate hanging at a thirty-degree angle gave the officer reasonable suspicion to believe that the license plate was not securely fastened and had been able to swing down. On appeal, the district court affirmed, stating:

> In the present case, the Court must determine whether the traffic stop was supported by a "reasonable and articulable suspicion" that the Defendant's vehicle was being driven contrary to Idaho Code Section 49-428. According to the findings of fact by the Magistrate Judge, Trooper Sherbondy observed that the Defendant's license plate appeared to have only one bolt and to be hanging at a thirty (30) degree angle. Defendant's license plate was only fastened with one

bolt and at one time swung in a motion perpendicular to the lane of traffic rather than parallel to it.

. . . Idaho Code Section 49-428 requires that license plates be "securely fastened to the vehicle to which it is assigned to prevent the plate from swinging." Idaho Code Ann. § 49-428(2). The Court agrees with the Magistrate Judge's findings that Trooper Sherbondy had reasonable and articulable suspicion that Defendant's license plate, being secured by only one bolt and hanging at an angle, appeared not to be securely fastened and that it might have been swinging in violation of Idaho Code Section 49-428. If a license plate is not securely fastened in such a manner to be clearly visible or legible, that is also a violation of Idaho Code Section 49-428. Regardless of whether a license plate is moving or is hanging at an angle, such license plate may be difficult to read.

Additionally, the position of Defendant's license plate in an angled manner [sic] was enough to catch Trooper Sherbondy's attention while on patrol. If most license plates are securely fastened with two bolts in a manner which prevents the license plate from swinging, a license plate attached with only one bolt and tilted in a downward position understandably draws attention as being out of the ordinary. Therefore, this Court finds that Trooper Sherbondy had reasonable and articulable suspicion to initiate a traffic stop believing the Defendant to be operating his vehicle in a manner contrary to Idaho Code Section 49-428.

On appeal, Martin contends that the state never set forth a "factual basis for which Trooper Sherbondy could have reasonably believed" that Martin was operating his vehicle in contravention of the statute. He concedes that his front license plate was only secured by one bolt, but argues that there was no evidence presented to support a reasonable conclusion that it was not prevented from swinging or that it was less than twelve inches off the ground. His argument is unavailing. Common sense dictates that where a license plate is secured by only one bolt and hanging at an angle, it is reasonable for an observer to suspect that it has not been fastened securely enough to prevent swinging and, indeed, has swung down to its current position. Thus, in this case, we conclude that the officer had reasonable and articulable suspicion that Martin's license plate was displayed in contravention of I.C. § 49-428 such that his stop of the vehicle was justified.[1]

---

[1] As the state points out, Martin's reliance on *State v. Salois*, 144 Idaho 344, 160 P.3d 1279 (Ct. App. 2007) is misplaced. There, this Court concluded that law enforcement officers could not stop a vehicle being operated without a license plate, but with a temporary registration permit visible, in order to investigate the temporary permit's validity unless the invalidity of the permit was "obvious and discernable by the officer prior to stopping the vehicle." *Id*. at 348, 160 P.3d at 1283. The reasoning in *Salois* is not applicable to this case, because there was an "obvious and discernable" violation of I.C. § 49-428 that was readily apparent to Officer Sherbondy prior

## III.

## CONCLUSION

Idaho Code § 49-428 is not unconstitutionally void as applied to Martin, nor did the officer effectuating the stop lack reasonable, articulable suspicion that Martin had violated the statute's requirement that a license plate be securely fastened to prevent swinging. Accordingly, we affirm the district court's decision upholding the magistrate's denial of Martin's motion to suppress.

Chief Judge LANSING and Judge PERRY **CONCUR**.

---

to the stop--namely that the license plate was dangling at a thirty-degree angle and was not securely fastened in a manner to prevent it from doing so.