**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44819**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2018 Opinion No. 8** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: February 26, 2018** |
| | ) | |
| v. | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **DAVID JOHN HARPER,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Thomas J. Ryan, District Judge.

Order denying motion to suppress, affirmed; judgment and commitment, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

David John Harper appeals from the district court's judgment and commitment. He argues the district court erred when it denied his motion to suppress. The order denying motion to suppress and judgment and commitment of the district court are affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

An officer observed Harper driving his vehicle on the freeway about one and one-half car lengths behind another vehicle at a speed of approximately 65 mph. The officer stopped Harper's vehicle for following too closely, in violation of Idaho Code § 49-638(1). Upon approaching the vehicle, the officer smelled the odor of marijuana and noticed two large, gift-wrapped boxes in the back seat of the vehicle. The officer deployed his drug detection canine, who alerted to the odor of drugs on the exterior of the vehicle and to the boxes in the interior of

1

the vehicle.  The officer searched Harper's vehicle and opened the boxes.  Inside the boxes were freezer-style packages of what appeared to be marijuana.  Together, the packages contained 17.38 pounds of marijuana.

Harper was charged with trafficking in marijuana.  He filed a motion to suppress the marijuana, arguing the officer lacked reasonable suspicion for the traffic stop because I.C. § 49-638(1) is unconstitutionally vague.  The district court denied Harper's motion to suppress, holding the officer had reasonable suspicion to effectuate the traffic stop and I.C. § 49-638(1) is not unconstitutionally vague.  At trial, Harper was found guilty of trafficking in marijuana, in violation of I.C. § 37-2732B(a)(1).  The district court imposed a determinate, three-year sentence.  Harper timely appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated.  When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found.  *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996).  At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court.  *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures.  *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996).  Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws.  *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998).  The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop.  *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999).  The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer.  *Id*.  An officer may draw reasonable inferences from the facts in his or her

2

possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

Where the constitutionality of a statute is challenged, we review the lower court's decision de novo. *State v. Cobb*, 132 Idaho 195, 197, 969 P.2d 244, 246 (1998); *State v. Martin*, 148 Idaho 31, 34, 218 P.3d 10, 13 (Ct. App. 2009). The party attacking a statute on constitutional grounds bears the burden of proof and must overcome a strong presumption of validity. *State v. Freitas*, 157 Idaho 257, 261, 335 P.3d 597, 601 (Ct. App. 2014); *State v. Cook*, 146 Idaho 261, 262, 192 P.3d 1085, 1086 (Ct. App. 2008). Appellate courts are obligated to seek an interpretation of a statute that upholds its constitutionality. *Freitas*, 157 Idaho at 261, 335 P.3d at 601; *Martin*, 148 Idaho at 34, 218 P.3d at 13.

### III.

### ANALYSIS

Harper argues the district court erred when it denied his motion to suppress. Harper asserts the officer did not have reasonable suspicion to stop his vehicle under I.C. § 49-638(1) because the statute is unconstitutionally vague, both on its face and as applied to his case.

Due process requires that all be informed as to what the state commands or forbids and that persons of ordinary intelligence not be forced to guess at the meaning of the law. *Cobb*, 132 Idaho at 197, 969 P.2d at 246. No one may be required at the peril of loss of liberty to speculate as to the meaning of penal statutes. *Freitas*, 157 Idaho at 261, 335 P.3d at 601. A void for vagueness challenge is more favorably acknowledged and a more stringent vagueness test will be applied where a statute imposes a criminal penalty. *Cobb*, 132 Idaho at 198, 969 P.2d at 247. As a result, criminal statutes must plainly and unmistakably provide fair notice of what is prohibited and what is allowed in language persons of ordinary intelligence will understand. *State v. Kavajecz*, 139 Idaho 482, 486, 80 P.3d 1083, 1087 (2003). Additionally, a statute is void for vagueness if it invites arbitrary and discriminatory enforcement. *Freitas*, 157 Idaho at 261, 335 P.3d at 601. A statute avoids problems with arbitrary and discriminatory enforcement by identifying a core of circumstances to which the statute or ordinance unquestionably could be constitutionally applied. *Id.* A statute should not be held void for uncertainty if it can be given any practical interpretation. *Id.* at 261-62, 335 P.3d at 601-02. A statute may be challenged as unconstitutionally vague on its face or as applied to a defendant's conduct. *Freitas*, 157 Idaho at

3

261-62, 335 P.3d at 601-02; *Martin*, 148 Idaho at 35, 218 P.3d at 14. To be successful in a facial vagueness challenge, the defendant must demonstrate that the law is impermissibly vague in all of its applications. *Freitas*, 157 Idaho at 261, 335 P.3d at 601. That is, it must be shown that the enactment is invalid *in toto*. *Cobb*, 132 Idaho at 199, 969 P.2d at 248; *State v. Newman*, 108 Idaho 5, 12, 696 P.2d 856, 863 (1985).

Idaho Code Section 49-638(1), the statute prohibiting following too closely, is not unconstitutionally vague. The statute states, "The driver of a vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of the vehicle, the traffic upon and the condition of the highway." I.C. § 49-638(1). The statute ensures drivers have enough stopping distance to avoid a collision if a vehicle in front of them suddenly stops. Nonetheless, Harper argues that the phrase "reasonable and prudent" is so vague that persons of ordinary intelligence can only guess what constitutes a "reasonable and prudent" distance from another vehicle.

In addressing Harper's facial challenge, we examine the statute's application to all drivers on Idaho roads. The statute provides notice to all drivers that following too closely is prohibited. What constitutes following too closely is dependent upon a variety of factors, including but not limited to weather, lighting, and road conditions. That the statute leaves to a driver to determine what constitutes a reasonable and prudent distance to follow another vehicle does not make the statute inherently vague. This flexibility is intentionally built into the statute so drivers can assess all the factors in determining how best to avoid the dangerous consequences of following a vehicle too closely. The prohibition of following too closely does not need to be reduced to an exact mathematical equation, factoring in speed, distance, car size, etc. in order to provide notice to a driver of ordinary intelligence how close is too close when following another vehicle. Indeed, to do so would inevitably fail to adequately address at least one of the many variables that change depending on the conditions. It is clear that what is a safe distance to follow on a well-lit, dry road on a July afternoon may be vastly different than what is a safe and prudent distance on that same road in January at 7:00 p.m. after a snow storm. A driver is expected to use reasonable common sense when assessing the road conditions and adjusting his or her driving patterns accordingly.

Various other jurisdictions have held similar tailgating statutes containing reasonable and prudent standards provide sufficient notice to drivers. *See United States v. Hunter*, 663 F.3d

4

1136, 1142 (10th Cir. 2011) (listing decisions); *Nolan v. State*, 182 So. 3d 484, 493 (Miss. Ct. App. 2016) (listing decisions); *State v. Gonzalez*, 43 Ohio App. 3d 59, 61, 539 N.E.2d 641, 643 (1987) ("Absolute or mathematical certainty is not required in the framing of a statute. Reasonable certainty of the nature and cause of the offense is all that is required."). We agree and hold I.C. § 49-638(1) provides sufficient notice to drivers that following a vehicle too closely is unlawful.

The statute also provides sufficient guidelines to law enforcement such that officers do not enjoy unbridled discretion to enforce I.C. § 49-638(1). In *State v. Bitt*, 118 Idaho 584, 798 P.2d 43 (1990), the Idaho Supreme Court addressed what constitutes unbridled discretion. There, the Court examined a vagueness challenge made to a loitering and prowling ordinance. *Id.* at 588, 798 P.2d at 47. The ordinance allowed arrests to be made if an individual failed to identify himself and offer an explanation for his presence that did not "dispel any alarm" an officer might have. *Id.* at 589-90, 798 P.2d 48-49. The ordinance lacked any other enforcement guidelines. *Id.* at 590, 798 P.2d 49. The Court held the lack of guidelines vested "complete discretion in the hands of [a] police officer to determine whether [a] person has provided a credible and reliable explanation" of his behavior. *Id.* Thus, because the ordinance created "the potential for arbitrary and discriminatory arrests," the Court held the ordinance unconstitutionally vague. *Id.*

Conversely, the statute at issue in this case contains sufficient enforcement guidelines and is distinguishable from the ordinance in *Bitt.* Here, the statute instructs officers to make judgments according to the statute's reasonable and prudent standard, just as drivers. To guide that judgment, the statute includes situations that might call for a driver to increase his following distance: speed of his vehicle, how much traffic is on the road, or the condition of the highway itself. Thus, because I.C. § 49-638(1) provides drivers with notice of the prohibited conduct and appropriately guides officers' enforcement discretion, we hold the statute is not facially unconstitutionally vague.

Harper next argues that, as applied to his conduct, I.C. § 49-638(1) is unconstitutionally vague. Harper's specific conduct at issue was his act of driving his vehicle on the freeway about one and one-half car lengths behind another vehicle, at a speed of approximately 65 mph.

To succeed on an as-applied vagueness challenge, a defendant must show that the statute failed to provide fair notice that the defendant's conduct was prohibited or failed to provide

sufficient guidelines such that police had unbridled discretion in determining whether to arrest the defendant. *State v. Pentico*, 151 Idaho 906, 915, 265 P.3d 519, 528 (Ct. App. 2011).

Harper never argues that he, specifically, was not given notice that I.C. § 49-638(1) prohibited following the particular vehicle on the freeway, about one and one-half car lengths away, at a speed of 65 mph. Nor does Harper argue that the particular officer in this case had unbridled discretion to affect his arrest. He only points to his generalized contention, examined above, that the statute does not provide notice to persons of ordinary intelligence. This is not enough to advance his as applied challenge. *See Pentico*, 151 Idaho at 915, 265 P.3d at 528 (rejecting an as applied challenge of a trespassing statute where a defendant failed to argue he lacked notice that entering a specific building, for which he had been told he was not authorized to enter, would amount to trespassing and that the officer who arrested the defendant for trespassing had unbridled discretion to do so).

Even if Harper could validly advance his as applied challenge, the officer here did not abuse his discretion by stopping Harper for following too closely. As described above, the statute's parameters provide sufficient guidelines to officers, which the officer utilized here. Thus, the statute is not unconstitutionally vague as applied to Harper's conduct.

Further, the officer had reasonable suspicion that Harper violated I.C. § 49-638(1) in order to stop Harper's vehicle. The officer was guided by the statute as well as his law enforcement training when he determined that Harper's distance behind the front vehicle could result in a dangerous crash if the vehicle in front of him came to a sudden stop. The officer concluded Harper would not have adequate time to react and stop his vehicle. Specifically, the officer testified he was able to estimate Harper was traveling "roughly one-and-a-half car lengths," or "about 30, 35 feet," behind another vehicle and that at Harper's speed:

> roughly 65 miles an hour, they're traveling at right around 95 feet per second. So from my training and experience the average reaction time for the average person is about one to one-and-a-half seconds. That's the perception/reaction time. So in that one-and-a-half seconds they're going to travel anywhere from 95 to 140 feet.

The officer testified that it would take "less than a half second" to travel the distance between Harper and the vehicle Harper was following, and consequently, Harper would not be able to avoid a collision. The officer's testimony demonstrates the officer had reasonable suspicion Harper was violating the statute. Harper's conduct falls within the core of circumstances to which the statute can be unquestionably constitutionally applied; the close distance between

Harper and the other vehicle would have resulted in a collision if the vehicle in front of Harper had stopped abruptly--the very thing the statute seeks to prevent.

Because we determine the officer had reasonable suspicion to effectuate the stop, we need not address the State's argument about the officer's good faith mistake. Therefore, because I.C. § 49-638(1) is not unconstitutionally vague and the officer had reasonable suspicion to stop Harper's vehicle, the district court did not err in denying the motion to suppress.

## IV.

## CONCLUSION

Idaho Code Section 49-638(1) is not unconstitutionally vague. The officer had reasonable suspicion that Harper violated the statute in order to conduct the traffic stop. The order denying motion to suppress and the judgment and commitment are affirmed.

Chief Judge GRATTON and Judge LORELLO **CONCUR**.