## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 50802

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: June 25, 2024 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) |
| RORY DOUGLAS WILSON, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Second Judicial District, State of Idaho, Latah County. Hon. John Judge, District Judge. Hon. Megan E. Marshall, Magistrate.

Decision of the district court, on intermediate appeal from the magistrate court, affirming a withheld judgment for posting on fences or buildings or poles on public property or private property without consent, <u>affirmed</u>.

Nevin, Benjamin & McKay, LLP; Dennis A. Benjamin, Boise, for appellant. Dennis A. Benjamin argued.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

_____

LORELLO, Judge

Rory Douglas Wilson appeals from a decision of the district court, on intermediate appeal from the magistrate court, affirming a withheld judgment for posting on fences or buildings or poles on public property or private property without consent. We affirm.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

On October 6, 2020, at approximately 3:18 a.m., officers received a report of two males placing stickers on property in the city of Moscow downtown area. Officers observed two individuals wearing full-face coverings and saw one of them place a sticker on a city directory sign. Officers identified Wilson as one of the individuals and found in his possession stickers with

the words "Soviet Moscow" and "Enforced Because We Care." Officers conducted a search and discovered eighty-nine of the same stickers had been placed throughout the city on both public and private property.

Wilson was charged with the misdemeanor crime of no posting on fences or buildings or poles under Moscow City Code (M.C.C.) § 10-1-22(A). Wilson filed a motion to dismiss arguing that: (1) the conduct at issue was not prohibited under the ordinance; (2) the ordinance was unconstitutionally vague; (3) the ordinance and the prosecution under the ordinance violated his First Amendment rights under the U.S. Constitution; and (4) the prosecution of the case violated his right to equal protection under the Fourteenth Amendment to the U.S. Constitution. The magistrate court denied the motion. The magistrate court granted the State's motion in limine which prohibited Wilson from arguing at trial that the stickers were outside the reach of the ordinance because they were not advertising matter. The magistrate court also denied Wilson's mistake-of-fact jury instruction and excluded several of his proposed exhibits.

Following a jury trial, Wilson was found guilty and appealed. On intermediate appeal before the district court, Wilson argued: (1) the magistrate court erred in denying his motion to dismiss based upon an incorrect interpretation of the ordinance; (2) if the magistrate court's interpretation of the ordinance was correct, it was void for vagueness; (3) the magistrate court erred in denying his motion to suppress statements he made to officers; (4) the magistrate court violated his constitutional right to present a defense by prohibiting him from arguing the stickers were outside the purview of the ordinance because they were not advertising matter; (5) the magistrate court abused its discretion when it excluded his exhibits; (6) the magistrate court erred in refusing to give his mistake-of-fact jury instruction; and (7) there was insufficient evidence for the jury to find him guilty because, based on his interpretation of the ordinance, the State was required to prove the stickers he posted were advertising matter. The district court affirmed the magistrate court's decisions and concluded there was sufficient evidence to support Wilson's conviction. Wilson appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate court, we review the record to determine whether there is substantial and competent

evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefor, and either affirm or reverse the district court.

## III.
## ANALYSIS

### A.    Motion to Dismiss

Wilson contends the magistrate court erred in denying his motion to dismiss. First, Wilson argues that the magistrate court erred because the plain language of the ordinance provides that it only prohibits the attachment of advertising matter and the stickers he attached were not advertising matter. Alternatively, Wilson argues the ordinance is ambiguous, the rule of lenity applies, and this Court should construe the ordinance in his favor. Wilson further argues that, even if the ordinance includes his conduct, the ordinance is unconstitutionally vague. The State responds that the lower courts correctly rejected Wilson's interpretation of the ordinance as only encompassing advertising matter. Wilson has failed to show error in the district court's decision affirming the magistrate court's rulings rejecting his challenges to the ordinance.

#### 1.    Plain Language Challenge

Wilson argues that M.C.C. § 10-1-22(A) only prohibits the attachment of advertising material. We disagree. Moscow City Code Section 10-1-22(A) provides:

> No person shall post, paint, tack, tape or otherwise attach or cause to be attached, any notice, sign, announcement, or other advertising matter to any fence, wall, building, tree, bridge, awning, post, apparatus or other property not belonging to said person without first obtaining the consent of the owner or lessee of such property or their agent(s) or representative(s). No person shall post, paint, tack, tape or otherwise attach or cause to be attached any notice, sign, announcement, or other advertising matter to any telephone or electric pole within the City.

Rules for the construction of ordinances are the same as those applied to the construction of statutes. *State v. Freitas*, 157 Idaho 257, 261, 335 P.3d 597, 601 (Ct. App. 2014). This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho

502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the constitutionality of a statute is challenged, we review the trial court's decision de novo. *State v. Cobb*, 132 Idaho 195, 197, 969 P.2d 244, 246 (1998); *State v. Martin*, 148 Idaho 31, 34, 218 P.3d 10, 13 (Ct. App. 2009). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. For undefined terms in a statute, we look to dictionary definitions to provide ordinary meaning. *State v. Damiani*, 169 Idaho 348, 351, 496 P.3d 521, 524 (Ct. App. 2021). Provisions should not be read in isolation, but rather within the context of the entire statute to give effect to all words so that none will be void or superfluous. *State v. Smalley*, 164 Idaho 780, 784, 435 P.3d 1100, 1104 (2019).

The plain language of M.C.C. § 10-1-22(A) prohibits the attachment of "any notice" or "sign" or "announcement" or "other advertising matter." The use of the word "other" in the phrase reflects that while some "advertising matter" may be prohibited within the definition of "notice," "sign" or "announcement," the ordinance also prohibits "advertising matter" not otherwise expressly prohibited. Thus, the stickers Wilson placed throughout the city did not need to constitute "advertising matter" to be subject to the prohibition in the ordinance. Because we reject Wilson's argument that the ordinance only prohibits advertising matter, we need not address his alternative argument that the ordinance is ambiguous and the ambiguity requires application of the rule of lenity.[1]

---

[1] Even if the phrase "other advertising matter" modifies "notice," "sign" and "announcement," such a modification would not exclude Wilson's stickers from the purview of the ordinance. We disagree with Wilson's argument that "advertising" only applies to something commercial in nature. As noted by the district court, advertising includes matters "outside commercial sales." For example, an advertisement may be "designed to persuade or educate the public" or "call the public's attention to community events." Wilson's narrow view of "advertising" is inconsistent with the plain meaning and was properly rejected by both the magistrate court and district court.

4

## 2.     As-applied vagueness challenge

Wilson has failed to show M.C.C. § 10-1-22(A) is unconstitutionally vague. Appellate courts are obligated to seek an interpretation of a statute or ordinance that upholds its constitutionality. *Freitas*, 157 Idaho at 261, 335 P.3d at 601; *Martin*, 148 Idaho at 34, 218 P.3d at 13. The party attacking an ordinance on constitutional grounds bears the burden of proof and must overcome a strong presumption of validity. *See Freitas*, 157 Idaho at 261, 335 P.3d at 601. An ordinance may be challenged as unconstitutionally vague on its face or as applied to a defendant's conduct. *See Martin*, 148 Idaho at 35, 218 P.3d at 14. A vagueness challenge is predicated on the due process requirement that the statute or ordinance plainly and unmistakably provide fair notice of what is prohibited and what is allowed in language persons of ordinary intelligence will understand. *State v. Kavajecz*, 139 Idaho 482, 486, 80 P.3d 1083, 1087 (2003). Moreover, an ordinance may be void for vagueness if it invites arbitrary and discriminatory enforcement. *See Freitas*, 157 Idaho at 261, 335 P.3d at 601. An ordinance is not void for vagueness if it can be given any practical interpretation. *See id.* at 261-62, 335 P.3d at 601-02.

Wilson argues that if M.C.C. § 10-1-22(A) was read correctly by the magistrate and district courts, the "ordinance is vague for voidness as applied."[2] To succeed on an as-applied vagueness challenge, Wilson must show that the ordinance failed to provide fair notice that his conduct was prohibited or failed to provide sufficient guidelines such that police had unbridled discretion in determining whether to arrest him. *See State v. Pentico*, 151 Idaho 906, 915, 265 P.3d 519, 528 (Ct. App. 2011).

Because we conclude that the ordinance is plain and unambiguous, it clearly sets forth the prohibited conduct and does not allow unbridled discretion in enforcement, Wilson's claim that it is void for vagueness necessarily fails. *See Martin*, 148 Idaho at 36, 218 P.3d at 15 (concluding statute was not unconstitutionally vague because it clearly set forth prohibited conduct and did not

---

[2]     Wilson's brief contains language that suggests he is also raising a facial vagueness challenge to the ordinance based on First Amendment principles. To the extent Wilson is raising such a claim, it fails. *See Holder v. Humanitarian Law Project*, 561 U.S. 1, 20 (2010) (distinguishing between an overbreadth claim under the First Amendment and a Fifth Amendment vagueness challenge and noting that the Court's "precedents make clear that a Fifth Amendment vagueness challenge does not turn on whether a law applies to a substantial amount of protected expression").

allow arbitrary and discriminatory enforcement). As noted, M.C.C. § 10-1-22(A) makes clear that one cannot "post, paint, tack, tape or otherwise attach or cause to be attached, any notice, sign, announcement, or other advertising matter" in specified places without consent. That Wilson chose to place the stickers during the early morning hours while wearing a full-face covering belies his after-the-fact assertion that he was not on notice that his conduct was prohibited. Wilson's as-applied vagueness challenge fails and he has failed to show error in the denial of his motion to dismiss.

**B.      Right to Present a Defense**

Wilson argues that the magistrate court denied him his constitutional right to present a defense when it prohibited him from arguing that he was not guilty because the stickers he placed were not advertising matter and were thereby outside the scope of the ordinance. The State responds that, because the magistrate court correctly interpreted the ordinance as applicable to Wilson's conduct, he was not denied his right to present a defense by making an argument contrary to that interpretation. We agree with the State.

The right to present a defense is protected by the Sixth Amendment to the United States Constitution and made applicable to the states through the Due Process Clause of the Fourteenth Amendment. *State v. Ogden*, 171 Idaho 258, 272, 519 P.3d 1198, 1212 (2022); *see also Washington v. Texas*, 388 U.S. 14, 19 (1967). In a jury trial, it is for the jury to determine adjudicative facts. *State v. Adkins*, 171 Idaho 254, 256, 519 P.3d 1194, 1196 (2022). The determination of legal fact, i.e., what the law is, is unquestionably the role of the courts. *Id*. at 256-57, 519 P.3d at 1196-97.

Wilson sought to argue the definition and interpretation of the ordinance before the jury in a manner contrary to the magistrate court's interpretation of the ordinance in denying Wilson's motion to dismiss. Wilson was not entitled to circumvent the magistrate court's pretrial ruling under the guise of his right to present a defense. Wilson has failed to show his right to present a defense was violated.

**C.      Mistake-of-Fact Jury Instruction**

Wilson contends that the magistrate court erred in refusing to instruct the jury on a mistake of fact based upon his implied-consent defense. Wilson's requested jury instruction was based on his argument that observing other materials posted in various locations around the city led him to

believe that the property owners had impliedly consented to him attaching materials. According to Wilson, this belief was a mistake of fact entitling him to a jury instruction and not a mistake of law as found by the magistrate court. The State responds that the magistrate court correctly rejected Wilson's requested jury instruction because it was not pertinent since the alleged mistake of fact did not disprove Wilson's criminal intent. We hold that Wilson was not entitled to a mistake-of-fact jury instruction in this case.

Whether the jury has been properly instructed is a question of law over which we exercise free review. *State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2009). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993). A trial court presiding over a criminal case must instruct the jury on all matters of law necessary for the jury's information. I.C. § 19-2132; *Severson*, 147 Idaho at 710, 215 P.3d at 430. In other words, a trial court must deliver instructions on the rules of law that are material to the determination of the defendant's guilt or innocence. *State v. Mack*, 132 Idaho 480, 483, 974 P.2d 1109, 1112 (Ct. App. 1999). Each party is entitled to request the delivery of specific instructions. *State v. Weeks*, 160 Idaho 195, 198, 370 P.3d 398, 401 (Ct. App. 2016). However, such instructions will only be given if they are "correct and pertinent." I.C. § 19-2132. A proposed instruction is not correct and pertinent if it is: (1) an erroneous statement of the law; (2) adequately covered by the other instructions; or (3) not supported by the facts of the case. *Severson*, 147 Idaho at 710-11, 215 P.3d at 430-31; *Weeks*, 160 Idaho at 198, 370 P.3d at 401.

Wilson requested a mistake-of-fact jury instruction because he contends that M.C.C. § 10-1-22(A) includes an implied knowledge element. Wilson thus contends that the State had to prove he had knowledge that he did not have consent to attach the material. Idaho Code Section 18-114 provides that, "in every crime or public offense there must exist a union, or joint operation, of act and intent, or criminal negligence." The intent required by I.C. § 18-114 is not the intent to commit a crime but, rather, the intent to knowingly perform the prohibited act. *State v. Fox*, 124 Idaho 924, 926, 866 P.2d 181, 183 (1993). Moscow City Code Section 10-1-22(A) does not expressly require any mental element; and thus, the offense only requires a general intent as provided by I.C. § 18-114.

The record reveals that Wilson placed approximately eighty-nine stickers on both public and private property and that at least some of the stickers placed by Wilson were on property containing no other posted material. Wilson's argument that he believed he had implied consent to post the materials is not supported by the facts of the case; as such, a mistake-of-fact jury instruction was not pertinent. The jury instructions that were provided fairly and accurately reflected the applicable law. Accordingly, Wilson has failed to show error in the refusal to give his proposed mistake-of-fact jury instruction.

**D.    Excluded Exhibits**

Wilson asserts the magistrate court abused its discretion by excluding his proposed exhibits showing other material attached to property around the city. Specifically, Wilson argues the magistrate court failed to "recognize the complete relevance" that the exhibits had "to the implied consent defense" and did not find the probative value was substantially outweighed by a danger of misleading the jury. The State responds that the magistrate court did not abuse its discretion in excluding the exhibits because the exhibits were not relevant. We hold that Wilson's proffered exhibits depicting other postings were properly excluded.

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

The magistrate court correctly perceived the decision whether to admit the proposed exhibits as one of discretion and acted within the boundaries of such discretion. The magistrate court found that none of the photos offered as exhibits showed locations the same or similar to where Wilson posted his stickers. The magistrate court further found that the exhibits were only offered to show that, in surrounding areas of the city, there were other stickers posted. The magistrate court also concluded the probative value of the proffered exhibits was outweighed by the danger of misleading and confusing the issues before the jury as to whether Wilson posted the stickers without first obtaining the consent of the owner of the property. This was not an abuse of discretion. Wilson has failed to show that the magistrate court abused its discretion by refusing to admit the exhibits.

**E.** **Sufficiency of the Evidence**

Finally, Wilson argues that, under his interpretation of the ordinance, the State failed to prove all of the elements of the crime beyond a reasonable doubt because the State failed to prove that Wilson attached some type of "advertising matter." Because we have rejected Wilson's interpretation of the statute, his sufficiency of the evidence argument necessarily fails.

## IV.

## CONCLUSION

Wilson has failed to show error in the decision to deny his motion to dismiss because the plain language of the ordinance prohibited Wilson's conduct and the ordinance is not unconstitutionally vague. Wilson has also failed to show his constitutional right to present a defense was violated when he was prevented from arguing his own interpretation of the ordinance at trial in a manner contrary to the magistrate court's pretrial ruling regarding the proper interpretation and application of the ordinance. Wilson has also failed to show error in the refusal to give a mistake-of-fact jury instruction, which was predicated on an implied-consent claim not supported by the evidence, or error in the exclusion of exhibits that were irrelevant. Finally, Wilson has failed to show error in the determination that there was sufficient evidence to find the State established every element of the offense. Accordingly, the decision of the district court, on intermediate appeal from the magistrate court, affirming Wilson's withheld judgment for posting on fences or buildings or poles on public property or private property without consent, is affirmed.

Chief Judge GRATTON and Judge TRIBE, **CONCUR**.