# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 41296-2013

RICHARD J. BRAESE, JR., )
            )     **Boise, August 2014 Term**
     Plaintiff-Appellant, )
            )     **2014 Opinion No. 109**
v. )
            )     **Filed: October 29, 2014**
STINKER STORES, INC., )
            )     **Stephen W. Kenyon, Clerk**
     Defendant-Respondent, )
            )
and )
            )
BRYCE M. FULLER, )
            )
     Defendant. )
            )

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County. Hon. Lynn G. Norton, District Judge.

The judgment of the district court is <u>affirmed</u>.

William B. Seiniger, Seiniger Law Offices, Boise, argued for appellant.

James G. Reid, Kaufman Reid PLLC, Boise, argued for respondent.

_____

EISMANN, Justice.

This is an appeal out of Ada County from a judgment dismissing a claim that a store owner is liable for injuries caused by a dog that the store employee allowed to stay in the store with its owner. We affirm the judgment of the district court.

## I.
## Factual Background.

On August 6, 2011, Bryce M. Fuller entered a store of Stinker Stores, Inc., in the Hyde Park area of Boise with his golden retriever named Darma. The store is a combination gas

station and convenience store. The store manager permitted customers to bring their dogs into the store because it was her understanding that other businesses in the Hyde Park area also allowed that and she did not want the store to be viewed negatively by the customers. The dog had on a collar and leash, but Mr. Fuller was not holding the leash while he was at the counter making a purchase. Initially, Mr. Fuller was standing facing the counter with the dog at his left side, but during the transaction Mr. Fuller turned so that his right side was next to the counter. When he did so, the dog remained in her position, which was sitting in front of Mr. Fuller and facing the counter.

At the beginning of the transaction, the dog raised up and put her front paws on the counter, and the cashier gave her a dog treat. Mr. Fuller's entire transaction took about two minutes, and during that time the dog, while sitting in front of Mr. Fuller, raised up and put her front paws on the counter six other times, apparently wanting another dog treat. The last time the dog raised up and put her front paws on the counter was at the completion of Mr. Fuller's transaction, and the cashier gave her another dog treat.

While Mr. Fuller was putting his change into his pocket and preparing to leave, Richard Braese walked into the store. The front door of the store was to Mr. Fuller's front, but he had his head turned to his right facing the cashier. Mr. Braese walked past Mr. Fuller and around to his rear and then reached with his right hand toward the cashier to pay for a lottery ticket. When he did so, the dog quickly moved around the left side of Mr. Fuller and jumped up hitting Mr. Braese in the chest with her front paws.

On February 6, 2012, Mr. Braese filed this action seeking to recover damages against Stinker Stores, and he later amended the complaint to add Mr. Fuller as a defendant. Stinker Stores filed a motion for summary judgment, and, after briefing and argument, the district court granted the motion, holding that under the facts of this case Stinker Stores did not have a duty to protect Mr. Braese from Mr. Fuller's dog. The court entered a partial judgment dismissing with prejudice the claims against Stinker Stores. Mr. Fuller did not appear, and Mr. Braese obtained a default judgment against him for damages in the sum of $25,101.20. Mr. Braese then timely appealed the judgment in favor of Stinker Stores.

## II.
### Did the District Court Err in Holding that Stinker Stores Did Not Owe a Duty to Protect Mr. Braese from the Dog under the Facts of This Case?

Mr. Braese's claim against Stinker Stores was not based upon premises liability. It was based upon common law negligence. "The elements of common law negligence have been summarized as (1) a duty, recognized by law, requiring a defendant to conform to a certain standard of conduct; (2) a breach of that duty; (3) a causal connection between the defendant's conduct and the resulting injuries; and (4) actual loss or damage." *Alegria v. Payonk*, 101 Idaho 617, 619, 619 P.2d 135, 137 (1980).

The issue is whether under the facts of this case Stinker Stores had a duty to protect Mr. Braese from Mr. Fuller's dog. "The existence of a duty is a question of law over which this Court exercises free review. Every person, in the conduct of his business, has a duty to exercise ordinary care to 'prevent unreasonable, foreseeable risks of harm to others.'" *Turpen v. Granieri*, 133 Idaho 244, 247, 985 P.2d 669, 672 (1999) (citations omitted). The owner of the business is not an insurer against injury of its customers. *Tommerup v. Albertson's, Inc.*, 101 Idaho 1, 3, 607 P.2d 1055, 1057 (1980).

a. **Does allowing dogs on or in the property of Stinker Stores create an unreasonable risk of harm?** In deciding whether Stinker Stores had a duty to protect Mr. Braese from Mr. Fuller's dog, the first issue is whether allowing dogs on or in Stinker Stores's property that is open to the public creates an unreasonable risk of harm to the members of the public who go to or in its stores. "Under common law, all dogs, regardless of breed or size, are presumed to be harmless domestic animals." 4 Am. Jur. 2d *Animals* § 75 (2007). The deposition testimony of the retail manager for Stinker Stores supported that proposition. He stated that Stinker Stores did not have a policy preventing members of the public from bringing dogs into its stores and that millions of customers enter its stores every day. He also testified that there are many other retailers who allow dogs into their stores. He said that during the last fifteen years, only one other incident involving a dog had been reported to the corporate office of Stinker Stores. Two years ago, a person was walking his dog down a public sidewalk that adjoined the property of one of the stores, and the dog bit someone who was right on the corner of the Stinker Store's property and the sidewalk.

There was no evidence presented that allowing dogs on or in retail property created an unreasonable risk of harm to members of the public. The uncontroverted evidence was to the contrary.

**b. Did allowing Darma to remain in the store create an unreasonable risk of harm to members of the public?** The next issue is whether allowing Mr. Fuller to bring his dog into the store created an unreasonable risk of injury to members of the public who entered the store. The manager of the Hyde Park store testified in her deposition that she was hired by Stinker Stores in 1985, that she became the manager of the Hyde Park store in 2001, and that she had previously managed about ten other Stinker Stores. She said that to her knowledge there had not been any prior incident involving a dog in the Hyde Park store while she was the manager and that prior to 2001 she had not heard of any incidents involving dogs in any other Stinker stores. She stated that when she became the manager of the Hyde Park store, she instructed the employees to make customers take their dogs outside "if they're uncontrollable, and especially if they're not on a leash." Finally, she testified that this dog, Darma, had been coming into the store for a while; that she knew the dog's name, but not its owner's name; and that she had no reason to be concerned about Darma creating a problem in the store.

"In the absence of statute to the contrary, an owner is liable for injuries caused by a domesticated animal where the owner knew or should have known of the animal's vicious or dangerous propensity." *Id*. at § 67. A store owner would also have a duty to protect its patrons from a dog that the store owner knew or should have known was vicious or had a dangerous propensity. There was no contention that this dog was vicious, and there was no evidence that the store manager or the cashier knew or should have known that this dog had a dangerous propensity. The manager testified that the dog had previously put its front paws on the counter, but there was no evidence that the dog had ever previously done anything that would create an unreasonable risk of injury to any members of the public who came into the store. Specifically, there was no evidence that either the manager or cashier knew or should have known that Darma would jump up on a customer in the store. Therefore, they did not have a duty to protect Mr. Braese from Darma.

The district court did not err in holding that under the facts of this case Stinker Stores did not have a duty to protect Mr. Braese from Darma.

### III.
### Conclusion.

We affirm the judgment of the district court, and we award respondent costs on appeal.

4

Chief Justice BURDICK, Justice J. JONES, and J. Pro Tems WALTERS and KIDWELL **CONCUR.**