# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49878

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: June 8, 2023 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) |
| JENNIFER L. WENK, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Gooding County. Hon. Rosemary Emory, District Judge. Hon. Casey U. Robinson, Magistrate.

Decision of the district court, on intermediate appeal from the magistrate court, reversing order dismissing citation for harboring at-risk dog, <u>affirmed</u>.

Massingill Law, PA; Eben Massingill, Weiser, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Chief Judge

Jennifer L. Wenk appeals from the decision of the district court, on intermediate appeal from the magistrate court, reversing an order granting her motion to dismiss a citation for harboring an at-risk dog. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Law enforcement received a report from a woman that a dog attacked her. A responding officer arrived at the scene and observed a loose German Shepard behaving aggressively. The

1

officer recognized the dog as belonging to Wenk.[1]  The victim reported that she was walking to her car when the dog came out and began barking.  The dog then lunged at the victim and attempted to bite her abdomen.  The dog did not puncture the victim's skin due to her loose clothing, but she had a mark on her right side from the attempted bite.  Wenk was located and claimed her dog escaped after someone kicked down her apartment door.  Law enforcement placed the dog with animal control and issued Wenk a misdemeanor citation for maintaining an "at-risk dog" in violation of I.C. § 25-2810.

Wenk filed a motion to dismiss the citation and a motion for immediate release of the dog. The State filed an objection to both motions.  The magistrate court held a hearing on the motion to dismiss.  At the hearing, Wenk argued that the citation should be dismissed because, "in order for there to be a crime, there has to have been a previous court order that states that the dog is at-risk or dangerous" and that there was no such order entered.  The State argued that I.C. § 25-2810 does not require any prior court order.  The State also requested the magistrate court enter an order declaring the dog at-risk.  The magistrate court granted the motion to dismiss on the basis that there must be a prior court order declaring the dog dangerous or at-risk before any imposition of criminal liability under I.C. § 25-2810.  The magistrate court also granted the State's request and declared Wenk's dog at-risk.  The State appealed the dismissal of the misdemeanor citation, arguing that the dismissal was error.  Wenk cross-appealed, arguing that the order declaring the dog at-risk was error.  The district court reversed both orders.  It held that the magistrate court erred in granting Wenk's motion to dismiss because I.C. § 25-2810 does not require a prior court order declaring a dog dangerous or at-risk to impose criminal liability.  The district court also held that the magistrate court erred in declaring Wenk's dog at-risk because Wenk was not provided a meaningful opportunity to challenge the order.  Wenk appeals.[2]

---

[1]     Law enforcement had contact with Wenk and her dog on three previous occasions:  (1) in August 2019, when the dog was accused of attacking a woman; (2) in September 2020, when Wenk was cited for having a dog at-large; and (3) in September 2021, when her dog was accused of attacking another dog.

[2]     The district court's reversal of the magistrate court's order declaring Wenk's dog at-risk is not challenged by Wenk or the State.  Accordingly, we do not address whether the order was appropriate.

2

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, we review the magistrate court record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefor, and either affirm or reverse the district court.

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003).

## III.

## ANALYSIS

Wenk argues that the district court erred when it reversed the magistrate court's dismissal of her misdemeanor citation because the district court incorrectly interpreted I.C. §§ 25-2810 and 25-2811. Specifically, Wenk asserts that a previous court order declaring a dog dangerous or at-risk is a condition precedent to imposing criminal liability under I.C. § 25-2810 and that imposing criminal liability without a previous court order renders the statute an unlawful strict liability crime. Wenk also claims, in the alternative, that I.C. §§ 25-2810 and 25-2811 are unconstitutionally vague. The State responds that I.C. § 25-2810 does not require the existence of a prior court order for a person to be found guilty of maintaining an at-risk dog. Additionally, the State contends that I.C. § 25-2811 is inapplicable to Wenk because her dog was not subject to any previous court order. We agree with the district court and hold that I.C. § 25-2810 is constitutionally valid and a prior order declaring the dog dangerous or at-risk is not an element of I.C. § 25-2810.

Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App.

3

2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation.[3] *Escobar*, 134 Idaho at 389, 3 P.3d at 67.

The Idaho Dangerous and At-Risk Dogs Act provides that a person commits the crime of maintaining a dangerous or at-risk dog if the person owns, possesses, or harbors a dangerous or at-risk dog. I.C. § 25-2810(1). The citation filed in this case charged Wenk with a violation of I.C. § 25-2810 based on an at-risk dog. An at-risk dog includes "any dog that without justified provocation bites a person without causing a serious injury." I.C. § 25-2810(4)(a). Wenk contends there are two prerequisites to liability under I.C. § 25-2810(1): (1) a court must have previously found the dog that forms the basis of liability to be dangerous or at-risk, and (2) the person who owns, possesses, or harbors a dog previously designated as dangerous or at risk must fail to comply with an order issued pursuant to I.C. § 25-2810(7). The plain language of the statute does not support Wenk's arguments.

The only requirements for liability under I.C. § 25-2810 based on an at-risk dog are that the dog satisfies the definition of "at-risk dog" and the person charged with violating the statute owns, possesses, or harbors the dog. Nothing in the statute requires a prior judicial determination that the dog is at-risk as a prerequisite to liability. While I.C. § 25-2810(7) authorizes a discretionary order imposing restrictions on a dog the court has found is dangerous or at-risk, the existence of such an order is not an element of the offense. *See* I.C. § 25-2810(1). Rather, a discretionary order issued pursuant to I.C. § 25-2810(7) can form the basis of a defense to liability under I.C. § 25-2810(1) if the person charged is in compliance with the provisions of any such order. *See* I.C. § 25-2810(1) (stating that "a person commits the crime of maintaining a dangerous or at-risk dog if the person owns, possesses, or harbors a dangerous dog or at-risk dog . . . *unless* otherwise in compliance with the provisions of an order pursuant to subsection (7)") (emphasis added). But, the potential defense does not excuse liability in the first instance.

---

[3]     Because we conclude the language of I.C. § 25-2810 and I.C. § 25-2811 is clear and unambiguous, we need not address Wenk's legislative history arguments.

This interpretation is consistent with the enhanced penalty provisions set forth in I.C. § 25-2811, which provide for greater financial penalties for violations of I.C. § 25-2810(1) when the offense is committed "with knowledge of an order by a court issued pursuant to the provisions of th[e] act." A violation of I.C. § 25-2810(1) irrespective of the existence and knowledge of an order issued pursuant to I.C. § 25-2810(7) is a misdemeanor. I.C. § 25-2810(2). Misdemeanors are generally punishable by up to six months in jail or by a fine not to exceed $1000, or both. *See* I.C. § 18-113(2). However, the penalty for a first violation of I.C. § 25-2810 where the person has knowledge of an I.C. § 25-2810(7) order is punishable by a fine of *not less than* $200 and not more than $5000. In other words, a violation of I.C. § 25-2810(1) without knowledge of an I.C. § 25-2810(7) order may result in no fine or a fine up to $1000, but a violation of I.C. § 25-2810(1) with knowledge of such an order requires a minimum fine of $200 with a potential fine up to $5000, *i.e.*, $4000 more than the maximum fine for a violation without knowledge of an I.C. § 25-2810(7) order.

Wenk contends that it is "unreasonable and absurd" to read the penalty provisions of I.C. § 25-2811 as additional to the general misdemeanor penalty in I.C. § 18-113(2) because doing so "would leave any citizen wondering why the legislature would punish an innocent dog owner more harshly than a person who the court found harbors a dangerous or at[-]risk dog." There are several flaws in this argument. First, it presupposes the accuracy of Wenk's argument that a prior order is an element of I.C. § 25-2810; it is not. Second, no punishment would be imposed on an "innocent dog owner," so a comparison between an "innocent dog owner" and one who maintains a dangerous or at-risk dog is irrelevant.[4] Third, as Wenk acknowledges, this Court construes the

---

[4] Wenk's "innocent dog owner" argument appears to be based on the assertion that a dog owner is "innocent" because, pursuant to common law, all dogs are presumptively harmless and, under her interpretation of I.C. § 25-2810, the presumption remains until a court enters an order stating otherwise, *i.e.*, designating the dog dangerous or at-risk. In support of her common-law argument, Wenk relies on *Braese v. Stinker Stores, Inc.*, 157 Idaho 443, 445, 337 P.3d 602, 604 (2014), which in turn relies on 4 Am. Jur. 2d *Animals* § 75 (2007) for the proposition that, "under common law, all dogs, regardless of breed or size, are presumed to be harmless domestic animals." As the same source explains, however, this presumption "can be overcome by evidence of a known vicious or dangerous propensity of the particular dog." 4 Am. Jur. 2d *Animals* § 76 (2018). "The owner or keeper of a dog who knows of any vicious or dangerous propensity of the dog is required to use reasonable care in those circumstances to prevent the animal from causing injury." *Id.* Moreover, "the owner of a dog is expected to use reasonable care to prevent injury that might

5

language of a statute as written. *See Burnight*, 132 Idaho at 659, 978 P.2d at 219. To the extent one believes an unambiguous statute is patently absurd or the policy behind it unsound or unwise, the power to correct it is legislative, not judicial. *State v. Montgomery*, 163 Idaho 40, 44, 408 P.3d 38, 42 (2017). The plain introductory language of I.C. § 25-2811 indicates the penalties described therein are predicated on violations by "persons with knowledge of an order by a court issued pursuant to the provisions of this act." If I.C. § 25-2810 is violated without such an order, then, as noted, the violation is a misdemeanor subject to the misdemeanor penalties in I.C. § 18-113(2). That Wenk believes "any citizen" would "wonder" about the difference between the two does not mean the statute is vague or ambiguous.

Wenk also contends that interpreting I.C. § 25-2810 without requiring a prior court order designating a dog as dangerous or at-risk as an element of the offense will result in strict liability upon an individual who maintains such a dog. According to Wenk, without the existence of a prior order and knowledge of that order, there is no scienter requirement associated with I.C. § 25-2810 such that possession of "any dog" would make someone liable under the statute. Wenk is incorrect. The scienter requirement in I.C. § 25-2810 is knowingly owning, possessing, or harboring a dog that is dangerous or at-risk as defined in I.C. § 25-2810(4). *See* I.C. § 18-114 (requiring a union of act and intent or criminal negligence in every crime or public offense); *see also State v. Stiffler*, 114 Idaho 935, 937, 763 P.2d 308, 310 (Ct. App. 1988) (explaining the "'intent' mentioned in section 18-114 is merely the knowing or conscious performance of an act, not an evil motive or criminal intent"). A person may knowingly own, possess, or harbor such a dog without a prior court order designating the dog as dangerous or at-risk. There is no dispute that Wenk knowingly owned her dog. Moreover, any claim by Wenk that she did not know her dog may be dangerous or at-risk is belied by the record given two of the three prior contacts law enforcement had with Wenk and her dog were based on accusations that Wenk's dog attacked another woman and attacked a dog.

Because we conclude that I.C. § 25-2810 is clear and unambiguous, Wenk's claim that the statute is void for vagueness necessarily fails. *See State v. Martin*, 148 Idaho 31, 36, 218 P.3d 10,

---

result from natural propensities of dogs." *Id.* To the extent necessary, the Idaho Dangerous and At-Risk Dogs Act is consistent with the common law.

15 (Ct. App. 2009) (concluding statute not unconstitutionally vague because it clearly set forth prohibited conduct). For the same reason, we need not apply the rule of lenity. *See State v. Jones*, 151 Idaho 943, 947, 265 P.3d 1155, 1159 (Ct. App. 2011) (stating rule of lenity applies to ambiguous criminal statutes). The district court did not err in reversing the magistrate court's dismissal of Wenk's misdemeanor citation for violating I.C. § 25-2810(1).

## IV.

## CONCLUSION

Idaho Code Section 25-2810 does not require a prior court order declaring the dog dangerous or at-risk as a prerequisite to criminal liability. Accordingly, the district court's decision on intermediate appeal reversing the magistrate court's order dismissing Wenk's citation for maintaining an at-risk dog is affirmed.

Judge GRATTON and Judge Pro Tem MELANSON, **CONCUR**.