## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 46382

| | | |
|---|---|---|
| STATE OF IDAHO | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Boise, January 2019 Term |
| | ) | |
| v. | ) | Filed: February 26, 2019 |
| | ) | |
| PHILLIP R. SMALLEY, | ) | Karel A. Lehrman, Clerk |
| | ) | |
| Defendant-Appellant. | ) | |
| _____ | ) | |

Appeal from the District Court of the First Judicial District of the
State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

The judgment of conviction by the district court is <u>affirmed</u>.

Erik D. Fredericksen, Idaho State Public Defender, Boise, attorney
for Appellant. Erik R. Lehtinen argued.

Hon. Lawrence Wasden, Idaho Attorney General, Boise, attorney for
Respondent. Kenneth K. Jorgensen argued.

_____

BEVAN, Justice

### I. NATURE OF THE CASE

Following a jury trial, Phillip Smalley was convicted of two counts of sexual abuse of a vulnerable adult and one count of sexual penetration by a foreign object. On appeal, Smalley asserted two claims of error. First, he alleged there was insufficient evidence to sustain his convictions for sexual abuse of a vulnerable adult because to qualify as a "vulnerable adult," the victim must have mental deficits, not just physical infirmity. Second, he argued that the trial court erred in admitting the victim's preliminary hearing video deposition instead of live in-court testimony, because she was not "unavailable" as required by the Idaho Rules of Evidence. The Court of Appeals upheld Smalley's convictions. This Court granted his petition for review of the trial court's decision and we affirm the district court.

### II. FACTUAL AND PROCEDURAL BACKGROUND

1

Phillip Smalley was employed at an assisted living facility and worked alone as the overnight caregiver. The victim, F.B., was a 102-year-old patient at the facility. F.B. was mentally alert, but she could not walk, roll-over in bed, or stand, and required assistance for all activities of daily living. She could communicate, but needed special aids to hear and spoke in a very soft voice. Because of severe rheumatoid arthritis, F.B.'s hands were deformed, so although she could feed herself, she required a large-handled spoon and finely chopped or pureed food due to difficulty swallowing. F.B. was incontinent and required the use of adult diapers or briefs.

After F.B. alleged that she had been sexually assaulted overnight, she was transported by ambulance to the hospital for a sexual assault examination. During the examination, F.B. mentioned to the nurse that a similar sexual assault had occurred a couple of weeks before. The State charged Smalley, who was F.B.'s caretaker during the shifts in question, with two counts of sexual abuse of a vulnerable adult and one count of sexual penetration by a foreign object. It alleged that Smalley committed the sexual assault of a vulnerable adult by engaging in manual-genital contact with F.B., a vulnerable adult, and by forcibly causing the penetration of F.B.'s genital and/or anal opening against her will.

The State moved to take F.B.'s testimony for the preliminary hearing by video deposition because she was "physically unable to attend court proceedings, including the preliminary hearing" due to her advanced age and bed-ridden status in a hospice facility. The magistrate court granted the motion and the victim's video testimony was taken at the assisted living facility with Smalley and his counsel in attendance. The video testimony was admitted at the preliminary hearing. The State then moved to admit the deposition video and transcript in lieu of live testimony at the trial. After a hearing on the motion, the trial court found F.B. was unavailable to testify and portions of her deposition video and transcripts were admitted at the trial, despite Smalley's objections that the video constituted hearsay according to the Idaho Rules of Evidence and violated his rights under the Sixth Amendment's Confrontation Clause.

Smalley was convicted by a jury of two counts of sexual abuse of a vulnerable adult and one count of forcible sexual penetration by a foreign object. The Court of Appeals upheld his convictions and this Court granted Smalley's petition for review.

### III. ISSUES ON APPEAL

1.      Was F.B. a "vulnerable adult" under Idaho Code section 18-1505(4)(e)?

**2.**     Did the trial court err in admitting F.B.'s deposition in lieu of her live testimony in violation of the Confrontation Clause and the Idaho Rules of Evidence?

## IV. STANDARD OF REVIEW

"In cases that come before this Court on a petition for review of a Court of Appeals decision, this Court gives serious consideration to the views of the Court of Appeals, but directly reviews the decision of the lower court." *State v. James*, 148 Idaho 574, 576, 225 P.3d 1169, 1171 (2010) (quoting *State v. Oliver*, 144 Idaho 722, 724, 170 P.3d 387, 389 (2007) (internal quotation marks omitted)).

The interpretation of a statute is a question of law this Court reviews de novo. *Hayes v. City of Plummer*, 159 Idaho 168, 170, 357 P.3d 1276, 1278 (2015).

The determination of whether a witness is unavailable is mainly an evidentiary question. *See State v. Anderson*, 162 Idaho 610, 617, 402 P.3d 1063, 1070 (2017). When reviewing the trial court's evidentiary rulings, this Court applies an abuse of discretion standard. *Dulaney v. St. Alphonsus Reg'l Med. Ctr.*, 137 Idaho 160, 163–64, 45 P.3d 816, 819–20 (2002). The four-prong standard for discretionary review includes whether: (1) the trial court correctly perceived the issue as discretionary; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 867, 421 P.3d 187, 198 (2018).

Constitutional questions, which can also arise in cases of unavailable witnesses, are reviewed de novo. *State v. Dunlap*, 155 Idaho 345, 377, 313 P.3d 1, 33 (2013).

## V. ANALYSIS

### A.     F.B. was a vulnerable adult as defined in Idaho Code section 18-1505(4)(e).

One of the elements the State needs to prove in charges of sexual abuse of a vulnerable adult, is that the victim is a *vulnerable adult* under Idaho Code section 18-1505(4)(e). This subsection defines a vulnerable adult as:

> A person eighteen (18) years of age or older who is unable to protect himself from abuse, neglect or exploitation due to physical or mental impairment which affects the person's judgment or behavior to the extent that he lacks sufficient understanding or capacity to make or communicate or implement decisions regarding his person, funds, property or resources.

I.C. § 18-1505(4)(e).

3

Smalley argues that the State failed to meet its burden of proving that F.B. was a vulnerable adult as defined and as such, there was insufficient evidence to sustain his convictions on the two counts of sexual abuse of a vulnerable adult. Specifically, Smalley asserts that the question of whether someone qualifies as a vulnerable adult turns not on their physical abilities, but on their mental capacity. He maintains that the plain language of Idaho Code section 18-1505(4)(e) demonstrates that a person is a vulnerable adult when she is mentally unable to protect herself. He parses the statute's language, contending that one is a "vulnerable adult" when she "lacks sufficient *understanding or capacity* to make or communicate or implement decisions. . . ." I.C. § 18-1505(4)(e) (emphasis added).

Smalley also contends that although the statute refers to a "physical . . . impairment," any such impairment is only relevant to the extent that it affects the person's mental understanding or capacity. To underscore his argument, Smalley points to *State v. Knutsen*, claiming the Court ruled that section 18-1505

> withstands scrutiny because the constitutional right to engage in sexual activity applies only in the case of consenting adults and . . . 'vulnerable adult' is someone who legally *lacks capacity to consent* to sexual activity.

158 Idaho 199, 345 P.3d 989 (2015) (emphasis in original). Smalley argues that this holding makes clear that the definition of "vulnerable adult" is couched in terms of mental fitness or capacity, not physical capabilities.

The State argues that the statute is plain and governs Smalley's conduct here. Deconstructing the statute into its relevant words, the State points out that the statute classifies a vulnerable adult as one who is "unable to protect [her]self from abuse . . . due to physical . . . impairment which affects the person's . . . behavior to the extent that [s]he lacks sufficient . . . capacity to . . . implement decisions regarding [her] person . . . ." I.C. § 18-1505(4)(e). The State contends that it correctly proceeded under the statute since F.B. met this definition, as she was unable to protect herself from abuse because of her inability to implement decisions about her own body. Evidence that F.B. could not even implement decisions such as taking a shower, getting into her own wheelchair, sitting up, or rolling over in bed demonstrates her lack of sufficient capacity to implement decisions regarding her person.

The interpretation of a statute is a question of law this Court reviews de novo. *State v. Anderson*, 145 Idaho 99, 103, 175 P.3d 788, 792 (2008). "The objective of statutory interpretation is to derive the intent of the legislative body that adopted the act." *State v. Schulz*,

4

151 Idaho 863, 866, 264 P.3d 970, 973 (2011) (quoting *Farber v. Idaho State Ins. Fund*, 147 Idaho 307, 310, 208 P.3d 289, 292 (2009)). Interpretation of a statute must begin by analyzing its literal language. *Schulz*, 151 Idaho at 866, 264 P.3d at 973. Provisions should not be read in isolation, but rather within the context of the entire document. *Id.* Thus, the statute must be considered as a whole, with words being given their plain, usual, and ordinary meanings. *Id.* The Court must give effect to all the words in the statute so that none will be void or superfluous. *Id.* If the language of a statute is unambiguous, the intent of the legislative body as reflected by the statute's plain language must be given effect, and the Court need not consider rules of statutory construction. *Id.*

Smalley's analysis of the statute is erroneous under its plain language. The statute's language provides that one can be a vulnerable adult under separate sets of circumstances, when: (1) she cannot protect herself from abuse because of mental impairments which affect her judgment or behavior, *or* (2) she cannot protect herself from abuse because of physical impairments that affect her behavior to the extent that she lacks the capacity to implement decisions. The word "or" is a "disjunctive particle used to express an alternative or to give a choice of one among two or more things." *State v. Cota-Medina*, 163 Idaho 593, 600, 416 P.3d 965, 972 (2018) (quoting *Markel Int'l Ins. Co., Ltd v. Erekson*, 153 Idaho 107, 110, 279 P.3d 93, 96 (2012) (internal quotation marks omitted)).

Further, if Smalley's contrary interpretation of the statute were accepted, it would improperly render the word "physical" superfluous. Under *Schulz*, we must give effect to all words in a statute. Reading the plain language of the statute as a whole and giving effect to both the words "or" and "physical," a victim may qualify as a vulnerable adult based on physical impairments alone.

Smalley's proposed interpretation of *Knutsen* is also incorrect. In *Knutsen*, we discussed the ability to consent as a factual predicate to whether Knutsen's conduct was protected behavior between consenting adults. 158 Idaho at 204, 345 P.3d at 994. Rather than holding that the definition of vulnerable adult requires the victim to be mentally unfit, as Smalley maintains, *Knutsen* held that the vulnerable adult statute was not overbroad because it requires that the victim be able to consent as a matter of law when consent is directly at issue in the case. *Id.* at 205, 345 P.3d at 995. Thus, nothing in *Knutsen* bars the conclusion that under the plain language of the statute one can also be a vulnerable adult solely due to physical impairments.

5

F.B. was an elderly centenarian, bedridden, and physically unable to communicate or implement decisions regarding her person; therefore, we hold that she meets the definition provided in Idaho Code section 18-1505(4)(e) based on physical impairments.

**B.     The trial court did not abuse its discretion in admitting F.B.'s deposition testimony given its conclusion that F.B. was unavailable to testify.**

Smalley also argues that the trial court erred in granting the State's motion in limine, thus admitting F.B.'s deposition in lieu of her live testimony at trial. He claims doing so violated the Confrontation Clause and the Idaho Rules of Evidence. Smalley asserts that the State's claim that F.B. was "unavailable" was erroneous, because unavailability requires an "unqualified inability of the witness to attend trial," and the evidence presented by the State only showed that it would have been inconvenient for F.B. to testify in person.

Smalley also maintains that the correct standard of review for this question is not whether the trial court abused its discretion in concluding F.B. was unavailable, but rather a de novo review is required, at least with respect to the meaning of the word "unavailable." He contends that whether "unavailable" means "unqualified inability to attend" or "mere inconvenience" is a legal question. Smalley argues that regardless of the standard of review this Court applies, abuse of discretion or de novo, the State failed to prove F.B. was unavailable under the Confrontation Clause and Idaho Rule of Evidence 804.

Smalley concedes that the State presented ample evidence to show F.B. was elderly, weak, and immobile, requiring much assistance in day-to-day living; however, he argues that this only serves to prove that she would have required a wheelchair, specialized transportation from her assisted living facility, a more comfortable and supportive chair at the witness stand, and some sort of accommodation for her hearing loss. He alleges that although it might have made F.B. tired and stressed, she was capable of the trip since she routinely used a wheelchair at her living facility and recently made a trip to the hospital for her sexual abuse examination.

As an initial matter, we will clarify the appropriate standard of review. In *State v. Anderson* we stated:

> The determination of whether a witness is unavailable, such that preliminary hearing testimony is admissible, is evidentiary in nature. Evidentiary decisions are reviewed under an abuse of discretion standard.

162 Idaho 610, 617, 402 P.3d 1063, 1070 (2017). Thus, we will review the district court's decision to grant the motion in limine under the four-part abuse of discretion standard. *See*

6

*Lunneborg*, 163 Idaho at 867, 421 P.3d at 198. Applying this standard here, we particularly review whether the court "acted consistently with the legal standards applicable to the specific choices available to it."

The Confrontation Clause provides the legal standard for our review. It gives the accused in any criminal prosecution "the right. . . to be confronted with the witnesses against him." U.S. CONST. amend. VI.

> [T]his provision bars "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination."

*Davis v. Washington*, 547 U.S. 813, 821 (2006) (quoting *Crawford v. Washington*, 541 U.S. 36, 53–54 (2004)). The term *testimonial* applies "at a minimum to prior testimony at a preliminary hearing . . . ." *Anderson*, 162 Idaho at 616, 402 P.3d at 1069. There is no dispute that F.B.'s video testimony was testimonial. The crux of the issue here is whether F.B. was unavailable.

The proponent of the testimony bears the burden to establish unavailability. *Id.* For purposes of the Confrontation Clause; if there is even a remote possibility that affirmative measures might produce the declarant, the prosecution has an obligation to make a good-faith effort to demand their effectuation. *Id.* at 617, 402 P.3d at 1070 (citing *Ohio v. Roberts*, 448 U.S. 56, 74 (1980)). "The lengths to which the prosecution must go to produce a witness is a *question of reasonableness*." *Anderson*, 162 Idaho at 617, 402 P.3d at 1070 (citing *California v. Green*, 399 U.S. 149, 189 n.22 (1970) (emphasis added)).

In *Anderson*, we also stated:

> As noted by the court in *Burns* [*v. Clusen*], the severity of the [infirmity] itself may not automatically render a witness unavailable. The judge must consider the symptoms, what tasks a witness is then capable of. *See Burns*, 798 F.2d 931, 937 ([7th Cir.] 1986).

162 Idaho at 617, 402 P.3d at 1070.

In this case, the State proffered letters written by two of F.B.'s physicians, who stated that F.B. could not tolerate a court appearance or the long drive to court due to her bed-to-chair existence. The State also provided testimony from F.B.'s nurse showing that F.B. was incapable of standing, traveling (other than by ambulance), hearing, or even getting into a wheelchair. The trial court also considered the video of F.B.'s deposition itself, as well as the written transcript that accompanied it. Each of these factors supports, by substantial evidence, the trial court's finding that F.B. was "clearly unable to be present at trial." As a result, the factors the trial court

considered in admitting the video testimony support the reasonableness of the State's efforts to produce F.B. for trial. The State had to make a "good-faith" showing of F.B.'s unavailability. The district court did not err in finding that the State did so here.

Beyond a finding that F.B. was unavailable to testify, the trial court considered Smalley's right to confront witnesses against him and noted that Smalley's attorney was indeed present at the deposition and had the opportunity to make full use of the right to cross-examination. Further, Smalley himself was present at the deposition. In his appeal, Smalley argued that the "unavailable" standard in the Confrontation Clause and Idaho Rule of Evidence 804 requires a showing that the witness is "truly unable to attend trial and testify, and that a showing that the witness' appearance and testimony would merely be *inconvenient* is inadequate to meet this standard." F.B.'s unavailability was not merely a matter of inconvenience. The district court found, in its discretion, that the State made a good faith showing that affirmative measures to get F.B. to court by ambulance to provide testimony was unworkable. We affirm the district court's exercise of its discretion.

## VI. CONCLUSION

F.B. was a vulnerable adult under Idaho Code section 18-1505(4)(e) and unavailable under both the Confrontation Clause and Idaho Rule of Evidence 804(a)(4). The trial court did not abuse its discretion in admitting F.B.'s video testimony based on her unavailability. Smalley's judgment of conviction for two counts of sexual abuse of a vulnerable adult and one count of forcible sexual penetration by a foreign object is therefore affirmed.

Chief Justice BURDICK, Justices BRODY, STEGNER and MOELLER, CONCUR.

8