**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46756**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: April 21, 2020** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| KODY DEAN FELTMAN, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Benjamin J. Cluff, District Judge.

Judgments of conviction for propelling bodily fluid or waste at certain persons and misdemeanor driving under the influence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

————————————————————

LORELLO, Judge

Kody Dean Feltman appeals from his judgments of conviction for propelling bodily fluid or waste at certain persons and misdemeanor driving under the influence (DUI). We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

A police officer stopped Feltman for running a stoplight. Upon making contact with Feltman, the officer noticed Feltman was agitated and smelled of alcohol. Suspicious that Feltman was intoxicated, the officer had Feltman exit his vehicle to perform field sobriety tests. Before completing the tests, Feltman became combative. Feltman was taken into custody for safety reasons and transported to the county jail. Feltman was still agitated and combative when he

1

arrived at the jail. While being removed from a patrol vehicle, Feltman spit on a jail detention officer.

Feltman was charged with propelling bodily fluid at certain persons, I.C. § 18-915B, and misdemeanor driving under the influence, I.C. § 18-8005(4). Prior to trial, Feltman submitted a proposed jury instruction regarding the propelling bodily fluid charge. The instruction included an element requiring the jury to find that Feltman was a pretrial detainee at the time of the offense. The district court rejected Feltman's proposed instruction, concluding that pretrial detainee status was not an element of the offense.

After opening statements, the prosecutor became concerned that Feltman intended to testify regarding his previous diagnosis as bipolar with delusions. Outside the presence of the jury, the prosecutor brought this concern to the district court's attention. In response, Feltman's counsel stated that he intended to question Feltman regarding a previous bipolar diagnosis to provide an explanation for Feltman's conduct during the traffic stop. The district court concluded that I.C. § 18-207 precluded Feltman from testifying about his mental health.

The jury found Feltman guilty of both propelling bodily fluid at certain persons and DUI. Feltman appeals.

## II.

## STANDARD OF REVIEW

Whether the jury has been properly instructed is a question of law over which we exercise free review. *State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2009). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993).

Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence.

2

*Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

## III.

## ANALYSIS

Feltman raises three issues on appeal: (1) whether the district court erred in rejecting his request that the jury instruction for propelling bodily fluid at certain persons include an element that he was a pretrial detainee;[1] (2) whether the guilty verdict for propelling bodily fluid at certain persons lacked substantial evidentiary support because there was no evidence establishing Feltman was a pretrial detainee at the time of the offense; and (3) whether the district court erred in excluding potential testimony from Feltman about his mental condition. In response to the first two issues, the State argues that Feltman could be convicted of propelling bodily fluid at certain persons without being a pretrial detainee. As to the third issue, the State responds that Feltman failed to make a sufficient offer of proof to preserve the error and that his argument otherwise fails on the merits. We hold that Feltman has failed to establish error with regard to any issue he raises.

## A.      Elements Instruction for Propelling Bodily Fluid at Certain Persons

Feltman asserts that the district court erred in rejecting his proposed elements jury instruction for the crime of propelling bodily fluid at certain persons. According to Feltman, the rejection of his proposed instruction resulted in the jury receiving instructions that omitted an essential element--his status as a pretrial detainee at the time of the offense. The State responds that there was no instructional error because Feltman's status as a pretrial detainee is not an element of the crime. We hold that the district court did not err in rejecting Feltman's proposed instruction because the plain language of I.C. § 18-915B does not include the offender's status as an element of the crime.

---

[1]      Because we hold that Feltman preserved the issue of whether the rejection of his proposed jury instruction was error, we need not address his alternative argument that the failure to give his requested instruction constituted fundamental error.

A trial court presiding over a criminal case must instruct the jury on all matters of law necessary for the jury's information. I.C. § 19-2132(a). Although each party is entitled to request the delivery of specific instructions, such instructions will be given only if they are correct and pertinent. *Id.*; *Severson*, 147 Idaho at 710, 215 P.3d at 430. Thus, it is not error for a trial court to reject a proposed instruction that is an erroneous statement of the law, unsupported by the evidence, an impermissible comment on the evidence, or adequately covered by other instructions. *State v. Lemmons*, 158 Idaho 971, 976, 354 P.3d 1186, 1191 (2015).

Feltman proposed an elements instruction for the crime of propelling bodily fluid at certain persons that required the State to prove he was a pretrial detainee at the time of the offense.[2] The district court evaluated Feltman's proposed instruction by comparing it to the statute defining the crime, I.C. § 18-915B. The district court concluded that the statute imposed criminal liability on persons regardless of their status. Thus, the district court rejected Feltman's proposed instruction as an erroneous statement of the law.

Whether the district court's conclusion was correct is, at its core, a question of statutory interpretation. This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. All the words of a statute must be given effect so that none are void or superfluous. *State v. Smalley*, 164 Idaho 780, 784, 435 P.3d 1100, 1104 (2019). If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67.

---

[2]     Feltman proposed the following elements instruction:

1.      On or about December 31, [2017],
2.      in the state of Idaho,
3.      the defendant Kody Dean Feltman did knowingly propel bodily fluid upon a correctional officer,
4.      while Kody Dean Feltman was a pretrial detainee being transported or supervised by a correctional officer.

Idaho Code Section 18-915B defines the crime of propelling bodily fluid at certain persons as follows:

> Any person who is housed in a state, private or county correctional facility, work release center or labor camp, or who is being transported or supervised by a correctional officer or detention officer, *irrespective of whether the person is a sentenced prisoner or a pretrial detainee*, and who knowingly propels any bodily fluid or bodily waste at any detention officer, correctional officer, staff member, private contractor or employee of a county or state correctional facility, or authorized visitor to a county or state correctional facility, work release center or labor camp, or who knowingly introduces any bodily fluid or bodily waste into the food or drink of such officer, staff member, private contractor, employee or authorized visitor, shall be guilty of a felony punishable by imprisonment in a correctional facility for not more than five (5) years, and such sentence shall be served consecutively to any sentence currently served.

(Emphasis added.) Both parties contend that I.C. § 18-915B is unambiguous. The key question in this case centers on the effect of the words "irrespective of whether the person is a sentenced prisoner or a pretrial detainee." Feltman asserts that the language modifies "any person," limiting the statute's application to only sentenced prisoners and pretrial detainees. That is, according to Feltman, the language implies that "any person" actually means only sentenced prisoners and pretrial detainees. Although we agree that I.C. § 18-915B is unambiguous, we disagree that the statute applies to only sentenced prisoners or pretrial detainees.

When given their plain, ordinary meaning, the words "irrespective of whether the person is a sentenced prisoner or a pretrial detainee," as used in I.C. § 18-915B, impose no limitation on the class of people potentially subject to criminal liability. "Irrespective of" is defined as "without respect or regard to" and "independent or regardless of." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY UNABRIDGED 1196 (1993). The term "regardless of" is defined as "without taking into account" and "in spite of." *Id.* at 1911. According to these definitions, an individual's criminal liability for violating I.C. § 18-915B is determined without regard to his or her status as a sentenced prisoner or pretrial detainee. In other words, an individual's status as a pretrial detainee or sentenced prisoner has no role in assessing criminal liability.

Moreover, when I.C. § 18-915B is read as a whole, the rational and obvious meaning of the words "irrespective of whether the person is a sentenced prisoner or a pretrial detainee" precludes the very gloss Feltman proposes. The statute's general purpose is to protect those working in state or county correctional facilities and authorized visitors of state or county

5

correctional facilities, work release centers, or labor camps against targeted attacks involving bodily fluid perpetrated by two broad classes of persons: (1) those housed in such state, private, or county correctional facilities; and (2) those being transported or supervised by correctional or detention officers. These two broad classes of persons embrace most, if not all, of the individuals that the statute's beneficiaries may come in close contact with. If I.C. § 18-915B was interpreted as applying only to pretrial detainees and sentenced prisoners, subclasses of individuals not subject to criminal liability under the statute would be created; for example, individuals who are awaiting sentencing after being found guilty at trial. To avert the creation of such subclasses, it was rational for the legislature to include statutory language preventing a judicial gloss that would remove some persons from the statute's ambit.

In sum, we conclude that pretrial detainees and sentenced prisoners are not the only individuals potentially subject to criminal liability under I.C. § 18-915B and that an individual's status as a pretrial detainee has no role in determining his or her criminal liability for a violation. Thus, Feltman's proposed elements instruction--which included pretrial detainee status as an essential element of a violation of I.C. § 18-915B--was an erroneous statement of the law. Consequently, Feltman has failed to show that the district court erred in rejecting his proposed jury instruction.

**B.      Substantial Evidence Supporting the Jury's Verdict for Propelling Bodily Fluid**

Feltman argues the jury's verdict finding him guilty of propelling bodily fluid at certain persons is not supported by substantial evidence. Specifically, Feltman contends that the State failed to present evidence that he was a pretrial detainee at the time of the offense.

A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001. Feltman's argument depends upon pretrial detainee status being an essential element of the crime of propelling bodily fluid at certain persons. Because we hold that an individual's status as a pretrial detainee is not an essential element of that offense, Feltman's argument that his guilty verdict for that offense lacked substantial evidentiary support fails.

6

**C.      Exclusion of Mental Health Testimony**

Feltman contends that the district court erred in precluding him from testifying about his mental health. Feltman argues that the district court misapplied I.C. § 18-207, which contains provisions governing the admission of expert testimony regarding mental illness, to exclude his lay testimony about his mental health. The State responds that Feltman failed to preserve this claim of error, that the claim otherwise fails on the merits, and that any error was harmless. We hold that Feltman has failed to show the district court erred in excluding testimony about his mental health.

A trial court ruling excluding evidence cannot support a claim of error unless the ruling affected a substantial right of the party and the substance of the evidence was made known to the trial court by offer of proof. I.R.E. 103(a)(2); *State v. Young*, 136 Idaho 113, 120, 29 P.3d 949, 956 (2001). Requiring an offer of proof ensures a sufficient record for appeal or for the trial court to rule on the admissibility of the proffered evidence. *State v. Joslin*, 145 Idaho 75, 82, 175 P.3d 764, 771 (2007).

We need not address Feltman's statutory argument under I.C. § 18-207 or whether it was preserved because Feltman failed to make an offer of proof with respect to any potential testimony from him regarding his mental status. When the prosecutor expressed concern that Feltman's opening statement suggested he intended to present evidence that his behavior was attributable to a mental illness, the district court inquired whether Feltman was planning such a defense. Counsel for Feltman responded that counsel thought he had the "right to give an alternate explanation for why [Feltman was] acting that way." In response, the district court commented that there had been no expert disclosures on that topic. Counsel for Feltman acknowledged as much, but explained that he believed Feltman "could testify" that he has a "diagnosis of bipolar disorder with delusions," "although he would probably deny it." Counsel for Feltman reiterated, "I think I can show he's acting crazy because he's crazy." To that end, counsel said: "if Mr. Feltman testifies, I was thinking about asking him about, you know, he went to State Hospital for a few months where he was diagnosed with this disorder." In short, counsel's offer of proof was that *if* Feltman testified, counsel *might* ask him about his behavior, and Feltman would *probably deny* that he was diagnosed with bipolar disorder. This series of speculative events falls far short of qualifying as an offer of proof sufficient for appellate review. Even if we overlooked the speculative nature of

7

the proffered testimony regarding Feltman's mental status, it was inadmissible even if the strictures of I.C. § 18-207 did not otherwise apply. Generally, a layperson cannot testify regarding the cause of a medical injury or symptom. *Dodge-Farrar v. Am. Cleaning Servs. Co.*, 137 Idaho 838, 841, 54 P.3d 954, 957 (Ct. App. 2002). Only when the cause of the symptom or injury is within the "usual ordinary experience of the average person," and also satisfies I.R.E. 701, is lay testimony on causation allowed. *Dodge-Farrar*, 137 Idaho at 841-42, 54 P.3d at 957-58. Diagnosing Feltman as bipolar with delusions and explaining the effect that condition had on his behavior while he had an elevated blood alcohol level is not within the usual ordinary experience of the average person. Thus, we cannot say that any testimony from Feltman about his mental condition would have been admissible. Consequently, Feltman has failed to show that the district court erred in excluding the testimony.

## IV.

## CONCLUSION

A defendant's status as a pretrial detainee is not an essential element of the crime of propelling bodily fluid at certain persons. Thus, Feltman has failed to show that the district court erred in rejecting his proposed elements instruction for that crime. For the same reason, Feltman's substantial evidence challenge to the verdict finding him guilty of that crime fails. Finally, we hold that Feltman failed to show the district court erred in excluding testimony about his mental condition. Consequently, Feltman's judgments of conviction for propelling bodily fluid or waste at certain persons and misdemeanor DUI are affirmed.

Chief Judge HUSKEY and Judge GRATTON, **CONCUR**.

8