# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49659

| | |
|---|---|
| In the Interest of: <br> Jane Doe I and Jane Doe II, Children <br> Under Eighteen (18) Years of Age. <br> STATE OF IDAHO, DEPARTMENT OF <br> HEALTH AND WELFARE, <br><br>     Petitioner-Respondent, <br><br> v. <br><br> JOHN DOE (2022-13), <br><br>     Respondent-Appellant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Filed: November 16, 2022 <br> ) <br> ) Melanie Gagnepain, Clerk <br> ) <br> ) THIS IS AN UNPUBLISHED <br> ) OPINION AND SHALL NOT <br> ) BE CITED AS AUTHORITY <br> ) <br> ) <br> ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County. Hon. Gerald F. Schroeder, Senior District Judge. Hon. Theodore Fleming, Magistrate.

Judgment of the district court, on intermediate appeal from the magistrate court, affirming finding of aggravated circumstances, <u>affirmed</u>.

Davis & Walker; Layne Davis, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Peter A. Mommer, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

John Doe (Doe) appeals from a decision of the district court, on intermediate appeal from the magistrate court, affirming the magistrate court's finding of aggravated circumstances. Doe argues that the district court erred by affirming the magistrate court when the magistrate court: (1) improperly considered its witness credibility determination in Doe's criminal preliminary hearing for purposes of the aggravated circumstances hearing; (2) denied Doe his right to an impartial adjudicator by considering its prior witness credibility determination in the aggravated circumstances hearing; and (3) applied the incorrect standard to the aggravated circumstances determination by applying the preponderance of the evidence standard rather than the clear and convincing evidence standard. For the reasons set forth below, we affirm.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Doe is the natural father of Jane Doe I and Jane Doe II, the children who are the subjects of this Idaho Protective Act (CPA) proceeding. The petition under the CPA included affidavits alleging that Doe violated Idaho Code § 18-1506 by virtue of various sexual acts involving his daughter and that he suffered from substance abuse while the children were in his care. The children were declared in imminent danger and placed into the custody of the Idaho Department of Health and Welfare (Department).

Doe was subsequently charged in a related criminal matter with one count of sexual abuse of a child under the age of sixteen years, I.C. § 18-1506. At the preliminary hearing, Jane Doe I testified under oath and was subject to cross-examination. During her testimony, which was found to be credible, Jane Doe I recounted specific instances of sexual conduct that she was forced to perform for Doe. Based upon the preliminary hearing, Doe was bound over to the district court.

An adjudicatory hearing was held in the CPA case. Doe stipulated to an unstable home environment and agreed it was in the best interests of the children for them to remain in the legal custody of the Department. Prior to the adjudicatory hearing, the Department filed a motion for a finding of aggravated circumstances based upon Doe's conduct violating I.C. § 18-1506. A finding of aggravated circumstances relieves the State of its burden of establishing that it employed reasonable efforts to reunify the family. I.C. § 16-1619(6)(d). Aggravated circumstances "includes, but is not limited to: [s]exual abuse against a child of the parent. Sexual abuse . . . includes any conduct described in section 18-1506 . . . ." I.C. § 16-1602(6)(a)(ii).

The preliminary hearing in the criminal case and the aggravated circumstances hearing in this child protection case were conducted by the same magistrate court. At the aggravated circumstances hearing, the only evidence presented was a transcript of Jane Doe I's testimony during the preliminary hearing. The magistrate court determined that aggravated circumstances existed based on the facts established at the preliminary hearing and its determination that Jane Doe I was credible. Doe timely appealed to the district court, which affirmed the magistrate court. Doe timely appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate court, we review the record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.2d 214, 217-18 (2013). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *Id.* Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefore, and either affirm or reverse the district court.

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

Over questions of law, we exercise free review. *State v. O'Neill*, 118 Idaho 244, 245, 796 P.2d 121, 122 (1990). Constitutional questions are reviewed de novo. *State v. Smalley*, 164 Idaho 780, 783, 435 P.3d 1100, 1103 (2019).

## III.

## ANALYSIS

Doe argues that the district court erred by affirming the magistrate court's decision which: (1) improperly considered its witness credibility determination in Doe's criminal preliminary hearing for purposes of the aggravated circumstances hearing in this case; (2) denied Doe his right to an impartial adjudicator by considering its prior witness credibility determination in the aggravated circumstances hearing; and (3) applied the incorrect standard to the aggravated circumstances determination by applying the preponderance of the evidence standard rather than the clear and convincing evidence standard. The Department argues that the magistrate court correctly relied on the properly admitted transcript from the preliminary hearing in the separate criminal proceeding and that the magistrate court correctly determined aggravated circumstances existed under a preponderance of the evidence standard.

3

## A. Reliance on the Preliminary Hearing Testimony and Credibility Determination

Doe argues that the district court erred by affirming the magistrate court's aggravated circumstances decision. Doe expressly acknowledges that he is not arguing that the certified preliminary hearing transcript was inadmissible or that the Confrontation Clause was violated. Further, Doe acknowledges that the substance of the preliminary hearing testimony may have been enough to establish aggravated circumstances, *if true*. Rather, Doe argues that the truth of the preliminary hearing testimony is dependent upon the credibility of Jane Doe I. Doe asserts that the magistrate court could not properly rely on its credibility finding in the preliminary hearing decision in its determination of aggravating circumstances.

As noted, Doe does not argue that the magistrate court erred in admitting the transcript for consideration in the aggravated circumstances hearing. Doe does not challenge any of the facts from the transcript. Doe argues the "the evidence at the aggravated circumstances hearing--a 'cold transcript'--was not 'the same' as the live testimony presented at the preliminary hearing." Doe asserts the district court erred in finding that the magistrate court had the same testimony to consider because the reasoning relies on a false equivalence between the transcript presented at the hearing and the live testimony presented previously. According to Doe, the cold transcript was not the same as the live testimony presented at the preliminary hearing because a judge in a position to see and hear the witness speak is in a better position to judge their credibility than a judge only having before it a cold transcript. Doe argues that Idaho courts have rejected the notion that credibility determinations be may made equally well from a transcript as compared to live testimony. *See, e.g., Wolf v. Kaufman Broad Home Systems*, 106 Idaho 838, 683 P.2d 874 (1984). In addition, Doe argues that the "live" testimony at the preliminary hearing is "extrajudicial" to the record in this case and the "live" testimony could not and was not admitted in this case. In essence, Doe contends that the facts established in the preliminary hearing are dependent upon the credibility determination made there and that the credibility determination could not be properly relied on in the aggravated circumstances proceeding. Doe concludes that "It is simply unknown whether the magistrate would have reached the same credibility determination from a cold transcript as he did when presiding over the preliminary hearing."

Doe's arguments are unpersuasive. The district court reviewed the magistrate court's decision and determined that the fact that the magistrate court weighed the same testimony and found the child credible does not establish that it considered facts not in evidence. The district

4

court found that the magistrate court did not err in the aggravated circumstances determination because this case was based on substantial, competent evidence; the child testified at the preliminary hearing; she was cross-examined; the testimony was the only evidence presented; and the magistrate court found the child's testimony credible. Like the other factual findings from the preliminary hearing, the credibility finding is supported by substantial evidence in the record. In fact, Doe has not attempted to argue that the credibility finding is not supported by the record in the preliminary hearing proceeding. Moreover, distinct from the case cited by Doe, this is not a situation where a judge is asked to make a credibility determination--in the first instance--from a cold record. Here, the determination was made by the magistrate court upon hearing and seeing the witness testify. That unchallenged factual determination was then properly relied upon by the same magistrate court in the subsequent proceeding.

As a corollary, Doe argues that he was denied his right to an impartial adjudicator because the same magistrate court conducted the preliminary hearing and the aggravated circumstances hearing and, in so doing, considered the "live" testimony from outside the record and from its own personal experience. Doe contends that this establishes actual bias. The district court, citing *State v. Jones*, 146 Idaho 297, 300, 203 P.3d 1203, 1206 (Ct. App. 2008), held that bias or prejudice is not automatically established by virtue of the fact that a judge had previously dealt with an issue. Doe acknowledges that the magistrate court was not automatically biased because it previously presided over a separate case with overlapping facts, but contends the magistrate court exhibited actual bias by explicitly acknowledging that it had prejudged the case and was unconstitutionally biased because the determination was based on observations outside of the record. As noted above, the magistrate court did not base its determination on observations outside of the record, but relied on an unchallenged finding regarding credibility and a determination that the facts from the properly admitted transcript demonstrated aggravated circumstances. There is no evidence that the magistrate court prejudged the aggravated circumstances finding.

## B. Standard of Proof

Doe argues that a clear and convincing evidence standard should be applied to an aggravated circumstances determination. In cases in which a child is in the legal custody of the Department, the Department generally is required to set forth its reasonable efforts to reunify the child or children with the parent. I.C. § 16-1621(3). As noted, a finding of aggravated

circumstances relieves the State of its burden of establishing that it employed reasonable efforts to reunify the family. I.C. § 16-1619(6)(d).

Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). The magistrate court found that an aggravated circumstances hearing in a child protection action case is not a termination proceeding and requires only proof by a preponderance of the evidence. The magistrate court explained that the difference is an aggravated circumstances finding only results in not requiring reasonable efforts to reunify the parent and child. Standards are specifically set forth by the legislature for the adjudicatory hearing and the termination of parental rights hearing, but the legislature does not provide a standard for finding aggravated circumstances. The magistrate court found the standard of proof is a preponderance of the evidence because the aggravated circumstances hearing is typically in conjunction with the adjudicatory hearing, where that is the applicable standard. The magistrate court found it reasonable that the legislature did not intend to specifically require an evidentiary standard greater than a preponderance of the evidence. The court was not provided with authority to the contrary or that a parent's due process rights are violated by the Department ceasing to use reasonable efforts to reunify.

Doe argues that the magistrate court erred in applying a preponderance of the evidence standard because, like a finding of grounds for termination, a finding of aggravated circumstances should require clear and convincing evidence.[1] Doe's argument relies on Nebraska case law which states "that dispensing with reasonable efforts at reunification frequently amounts to a substantial step toward termination of parental rights. It follows that the requisite standard of proof for such determination should be at the level required for a termination of parental rights." *In re Interest of Jac'quez N*, 266 Neb. 782, 789, 669 N.W.2d 429, 435 (Neb. 2003). The Nebraska court determined that clear and convincing evidence is the required standard of proof for a finding of fact that excuses the requirement of reasonable efforts at reunification. *Id.* Doe acknowledges that Idaho has not directly addressed the burden of proof, but argues that the appropriate standard is clear and convincing evidence given a parent's fundamental right to parent and the adverse effect a finding of aggravated circumstances has on a parent's ability to utilize the Department's services

---

[1] Doe does not argue that aggravated circumstances were not shown and found under the preponderance of the evidence standard.

6

to conform behavior and change circumstances such as to achieve reunification and avoid termination.

The district court found that the magistrate court did not err. The district court acknowledged the Washington Court of Appeals' determination in *In re Dependency of J.W.*, 90 Wash.App. 417, 426, 953 P.2d 104, 109 (Wash. Ct. App. 1998) that although a proceeding for termination of parental rights requires clear and convincing evidence, this standard does not apply to dependency proceedings. Additionally, a finding of aggravated circumstances does not compel termination but triggers a more stringent standard of proof to the key determinations made by the court. *In re Dependency of C.B.*, 79 Wash.App. 686, 690, 904 P.2d 1171, 1174 (Wash. Ct. App. 1995). The district court found this reasoning to be persuasive and that the burden of proof for aggravated circumstances in a Child Protective Act proceeding is a preponderance of the evidence. The district court further stated that although a permanency plan may lead to termination of parental rights, it does not change the burden of proof. As a result, the district court found the magistrate court properly determined the burden of proof is a preponderance of the evidence.

Aggravated circumstances are determined in conjunction with the adjudicatory hearing and an aggravated circumstances hearing does not occur unless the child is found to come under the jurisdiction of the court, which finding is based on a preponderance of the evidence. I.C. § 16-1619(4). Numerous findings and orders are made during the course of a CPA proceeding in conjunction with adjudicatory hearings. *See* I.C. § 16-1619. These orders are made in the best interests of the child. While, in the normal course, the Department has the obligation to use reasonable efforts toward reunification of the parent and child, the magistrate court has control and authority to enter orders requiring and/or prohibiting conduct of the parent as well as the Department. As a part of the CPA proceeding, the magistrate court may conduct a hearing and determine whether aggravated circumstances exist, relieving the Department of its responsibility to make efforts toward reunification. Certainly, the existence of such aggravated circumstances dictates that usual reunification efforts may be detrimental to the child and thus, the legislature has recognized that the Department should be relieved of its reunification obligations. This and other findings and decisions in the CPA proceeding are not akin to termination of the parent/child relationship. They are designed to ensure the best interests of the child during the time the child is under the jurisdiction of the magistrate court and the Department. While proceedings in the CPA action may have an effect on an eventual termination proceeding, the decisions in the CPA

adjudicatory hearing context are made by a preponderance of the evidence. At the termination stage, the clear and convincing standard is appropriate given the fundamental rights at stake. But in the interim stage, before any such termination proceeding, the magistrate court is authorized to make best interests decisions and orders therefore, which require a preponderance of the evidence for their support. No binding case law or statute requires that a clear and convincing standard be applied in adjudicatory hearings in the CPA case. The district court and the magistrate court correctly held that a preponderance of the evidence standard applies to the aggravated circumstances determination.

## IV.

## CONCLUSION

Accordingly, the judgment of the district court, on intermediate appeal from the magistrate court, affirming the finding of aggravated circumstances, is affirmed.

Judge HUSKEY and Judge BRAILSFORD **CONCUR**.